In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-229 CV


____________________



MARK A. HUGHES, Appellant



V.



LOYD MASSEY AND JOHN DOE(S), Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV19,191






OPINION


 Mark A. Hughes, an inmate confined in the Texas Department of Criminal Justice,
Institutional Division, filed this civil rights action against Loyd Massey and persons
identified only as "John Doe(s)." See 42 U.S.C.A. § 1983 (West Pamph. 2001). Hughes
alleged that either Massey or a John Doe authorized the removal of the door to the restroom
in the unit's kitchen. When Hughes used the facility, he was exposed to female officers in
violation of his First Amendment right to Christian modesty. Before service of process, the
trial court dismissed Hughes's petition for failure to file a trust account statement with his
petition. Hughes raises five points of error, which we shall address out of order. 

 Point of error one challenges the constitutionality of the statute that requires an inmate
who files a suit as an indigent person to provide a copy of his trust account statement. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.006(f) (Vernon Supp. 2001). Hughes suggests
that the statute violates the Supremacy Clause of the United States Constitution. U.S. Const.
Art. VI, cl. 2. Absent federal preemption, a State may apply its own neutral procedural
rules to federal claims. Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332
(1990). Section 1983 claims brought in federal fora are subject to the provisions of the
Prison Litigation Reform Act of 1995, which also requires the filing of a certified copy of
the inmate's trust account statement. 28 U.S.C.A. § 1915(2) (West Supp. 2000). 
Considering federal law imposes substantially similar requirements on inmates litigating
in forma pauperis, we conclude Section 14.006(f) does not offend the Supremacy Clause. 
 Next, Hughes argues that Section 14.006(f) violates the Open Courts Provision of
the Texas Constitution. Tex. Const. Art. I, § 13. We apply a two-prong test in an open
courts challenge: First, does the litigant have a "cognizable common law cause of action that
is being restricted;" and if so, is the restriction "unreasonable or arbitrary when balanced
against the purpose and basis of the statute." Sax v. Votteler, 648 S.W.2d 661, 666 (Tex.
1983). As has been recognized in the context of other requirements for inmate in forma
pauperis suits, the strong temptation to file a frivolous suit is reasonably controlled by a
statute that requires the inmate to support his allegation of pauper status. See Spellmon v.
Sweeney, 819 S.W.2d 206, 209-10 (Tex. App.--Waco 1991, no writ). Assuming Hughes has
a cognizable common law cause of action that is being restricted, we nevertheless find that
Section 14.006(f) serves a legitimate purpose of controlling the flood of frivolous lawsuits
by requiring that the inmate substantiate his pauper's status with a trust account statement. 
 Hughes argues that either the clerk should have refused to file his suit until the trust
account statement was filed, or the trial court should have required special exceptions. An
inmate-filed in forma pauperis action may be dismissed under Section 14.003 either before
or after service of process. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon
Supp. 2001). Therefore, the inmate had no right to notice of a motion to dismiss or to an
opportunity to amend. See Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d 113,
116 (Tex. App.--Austin 1997, writ denied). 

 Finally, Hughes complains that the unit in which he is housed does not supply
adequate access to legal materials. See Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491,
1498, 52 L.Ed.2d 72 (1977). We will not address this argument because it depends upon
factual assertions which are neither alleged in Hughes's pleadings nor supported by the
record. See Carson v. Gomez, 14 S.W.3d 778, 780 (Tex. App.--Houston [1st Dist.] 2000, pet.
denied), cert. denied, 531 U.S. 1088, 121 S.Ct. 807, 148 L.Ed.2d 693 (2001). Point of error
one is overruled. 

 Point of error three contends that the trial court violated "Chapter 22.004 of V.T.C.A.
wherein the trial court was given power to promulgate rules." See Tex. Gov't Code Ann.
§ 22.004 (Vernon Supp. 2001). As the trial court acted pursuant to a statute, Section 22.004
is not implicated. Point of error three is overruled.

 Point of error four complains that the trial court abused its discretion in ordering
payment of costs as if he were being sanctioned. First, Hughes relies upon Government Code
§ 22.004. That statute refers to rules and does not apply to a dismissal authorized by statute,
such as Section 14.003 of the Texas Civil Practice and Remedies Code. Second, Hughes
relies upon Bonds v. Texas Dep't of Criminal Justice, 953 S.W.2d 233 (Tex. 1997), a case
in which the inmate failed to file a certified copy of his trust account statement with the
court. Bonds held that the trial court could not order the payment of the total amount of
court costs and fees without requesting the department or jail to furnish the information to
determine whether twenty percent of the preceding six months' deposits to the inmate's
trust account is a lesser sum. Id. at 233. The order entered in this case, which ordered
Hughes to pay the lesser amount of 20% of the preceding six months' deposits or the total
court costs, does not share the infirmity present in Bonds. Point of error four is overruled.

 Point of error five argues that the trial court erred in dismissing the suit pursuant to
Section 14.003 of the Texas Civil Practice and Remedies Code. The Section 14.006(f) trust
account statement is required by Section 14.004(c). Tex. Civ. Prac. & Rem. Code Ann. §
14.004(c) (Vernon Supp. 2001). The trial court may exercise its discretion by dismissing
a suit that does not comply with those statutory requisites. Williams v. Brown, 33 S.W.3d
410, 412 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Point of error five is overruled.

 Point of error two contends the trial court improperly dismissed the suit with
prejudice. A dismissal for failure to comply with the rules governing the filing of in forma
pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with
prejudice if the inmate was not first provided with an opportunity to amend his pleadings. 
Lentworth v. Trahan, 981 S.W.2d 720, 722-23 (Tex. App.--Houston [1st Dist.] 1998, no
pet.). The proper remedy is to modify the judgment by deleting the words "with prejudice"
and by substituting the words "without prejudice." Tex. R. App. P. 43; Hickman v. Adams,
35 S.W.3d 120, 124-25 (Tex. App.--Houston [14th Dist.] 2000, no pet.). Point of error two
is sustained.

 We sustain point of error two and overrule points of error one, three, four, and five. 
We reform the judgment to provide the cause is dismissed without prejudice. As reformed,
the judgment is affirmed.

 AFFIRMED AS REFORMED. 



 ________________________________

 RONALD L. WALKER

 Chief Justice

 



Submitted on November 14, 2001

Opinion Delivered November 29, 2001

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.