In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-060 CV


____________________



TERRENCE R. SPELLMON, Appellant



V.



JAMES ZELLER AND ROBERT CHANCE, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 19677






OPINION


 This appeal arises from the dismissal of inmate Terrence R. Spellmon's in forma
pauperis suit for a writ of injunction to restrain James Zeller and Robert Chance from
retaliating against Spellmon for exercising his constitutional right of access to the courts.
Spellmon raises three points of error. The dismissal apparently occurred prior to service,
and Zeller and Chance did not file a brief with the Court. 


 Point of error one urges, "The trial court abused its discretion when it dismissed
appellant's anti-suit injunction (1) pursuant to Chapter 14, Tex. Civ. Practice and Remedies
Code; in violation of Article I Sections 13 and 19 of the Texas Constitution." The order
of dismissal recites that the plaintiff failed to file the required declaration of previous
filings and trust account statement. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004
(Vernon Supp. 2002).

 Spellmon does not claim that he filed a trust account statement with his petition, but
does note that he filed a trust account statement with his notice of appeal. The affidavit
of indigence filed to obtain indigent status on appeal is distinct from the affidavit of
indigence filed to obtain indigent status in the trial court, and one does not function as the
other. See Tex. R. Civ. P. 145; Tex. R. App. P. 20.1; Nabelek v. Garrett, No. 14-01-00764-CV, 2002 WL 533709, at *2 (Tex. App.-Houston [14th Dist.] April 11,2002, no
pet. h.) (not yet reported) (Section 14.004 does not apply to affidavits of indigency filed
for appeal); White v. Schiwetz, 793 S.W.2d 278, 281 (Tex. App.--Corpus Christi 1990,
no writ) (Affidavit of indigence filed under Texas Rule of Civil Procedure 145 does not
relate forward to appeal). The appellant's subsequent filing of a trust account statement
with his notice of appeal did not cure the pre-existing defect on which the trial court based
its order. 

 Spellmon argues that, because Chapter 65 of the Civil Practice and Remedies Code
applies to injunction suits, Chapter 14 is inapplicable. The bond procedure included in
Chapter 65 concerns the bond requirement for issuance of temporary restraining orders and
temporary injunctions, and is totally unrelated to achieving indigent status for the purpose
of maintaining a suit in district court. See Tex. Civ. Prac. & Rem. Code Ann. §§
65.041-.045 (Vernon 1997).

 The appellant contends that injunctive relief is warranted because he is seeking to
preserve his constitutionally guaranteed rights. States may apply their own neutral
procedural rules to federal constitutional claims, unless those rules are pre-empted by
federal law. Thomas v. Bush, 23 S.W.3d 215, 217 (Tex. App.--Beaumont 2000, pet.
denied). Spellmon's petition for a writ of injunction is a suit filed in district court; he is
an inmate; and he filed an affidavit declaring his inability to pay costs. Therefore, the suit
falls within the scope of Chapter 14 of the Texas Civil Practice and Remedies Code. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon Supp. 2002). Point of error one
is overruled.

 Point of error two urges, "The trial court abused its discretion when it dismissed
appellant's anti-suit injunction with prejudice." "A dismissal for failure to comply with
the rules governing the filing of in forma pauperis suits is not a ruling on the merits;
accordingly, it is error to dismiss the suit with prejudice if the inmate was not first
provided with an opportunity to amend his pleadings." Hughes v. Massey, 65 S.W.3d
743, 746 (Tex. App.--Beaumont 2001, no pet.). The error is remedied by reforming the
judgment. Id. Point of error two is sustained.

 Point of error three contends, "The application of Texas Civil Practice and
Remedies Code, Chapter 14.004 violates Article I Sections 13 and 19 of the Texas
Constitution and the Texas Constitutions open court provision." The brief adds Sections
13.001 and 14.003 to the appellant's restated point of error. Spellmon argues that the
restrictions on inmate litigation unreasonably restrict his access to the courts, deprive him
of a vested right secured by law, and thereby violate his due process right under the Texas
Constitution. He further argues the statutes (sections 13.001, 14.003, and 14.004) are
unconstitutional. We have previously rejected a similar open courts challenge to the
statutory procedures for obtaining indigent status. Hughes, 65 S.W.3d at 745. Also, the
Waco Court of Appeals considered and rejected Spellmon's open courts and due course
of law challenges to the procedure for proceeding as an indigent in a previous appeal. See
Spellmon v. Sweeney, 819 S.W.2d 206, 209-10 (Tex. App.--Waco 1991, no writ). In this
case, Spellmon fails to demonstrate how it was unreasonable and arbitrary to require him
to support his claim of poverty and to inform the court of the other litigation that he has
pursued. Instead, the appellant complains that the trial court dismissed his claim without
taking into account the merits of his claim. However, a dismissal pursuant to Section
14.003 does not adjudicate the merits of the claim, and that is why the dismissal is without
prejudice. We hold that the statutes in question are not unconstitutional as applied to the
appellant. Point of error three is overruled.

 We sustain point of error two and overrule points of error one and three. We reform
the judgment to provide the cause is dismissed without prejudice. As reformed, the
judgment is affirmed.

 AFFIRMED AS REFORMED.


 PER CURIAM


Submitted on September 12, 2002

Opinion Delivered September 19, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. This is the language used by the appellant. We do not suggest that the petition
filed by Spellmon actually sought an anti-suit injunction.