In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-03-257 CV


____________________



RICHARD SIMMONS, Appellant



V.



GIB LEWIS EXT. CB #40, Appellee






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 18,474






MEMORANDUM OPINION (1)



 Richard Simmons, an inmate confined in the Texas Department of Criminal Justice,
Institutional Division, filed a suit in which "Gib Lewis Ext. CB #40" was the sole named
defendant. The petition sought a temporary restraining order "preventing defendants from
continuing to deprive plaintiff of sleep and medical/psychological treatment." Although
they were not named as defendants in the petition, two Department employees, named
David Bone and Robert Ott, filed a motion to dismiss the suit for failure to file an affidavit
of previous filings and an inmate trust account statement with his petition, and for failure
to exhaust administrative remedies. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003,
14.004(a)(2), 14.005 (Vernon 2002). The trial court dismissed the suit, and Simmons
appealed. 

 The appeal was submitted on the clerk's record alone because no hearing was
recorded. On October 28, 2003, we notified the parties that the appeal would be advanced
without oral argument. See Tex. R. App. P. 39.9. The appeal was submitted without briefs
because the appellant failed to file his brief by the August 20, 2003, due date. See Tex.
R. App. P. 38.8(a)(2). (2) The appellant did not request an extension of time to file the brief. 
See Tex. R. App. P. 38.6(d). 

 We have reviewed the record for fundamental error, and find none. The judgment
of the trial court is affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on November 18, 2003

Opinion Delivered December 4, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.



1. Tex. R. App. P. 47.4.
2. An inmate named Patrick Lee Mullins submitted an amicus curiae brief. The
brief argues that Chapter 14 of the Civil Practice and Remedies Code does not apply to
suits for injunction. As this is not an action brought under the Family Code, the Act does
apply to Simmons's suit. See Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon
2002). The amicus brief also suggests the trial court erred in dismissing the suit without
prior notice to Simmons. Simmons was not entitled to notice and opportunity to cure prior
to dismissal of his in forma pauperis suit under Section 14.003. Hughes v. Massey, 65
S.W.3d 743, 745 (Tex. App.-Beaumont 2001, no pet.).