In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-039 CV


____________________



LLOYD E. BURRUSS, Appellant



V.



WILLIAM SHERMAN, RICHARD K. ALFORD, CHUCK BISCOE,


PATRICIA SCHULTZ, PAULINE LUCE, AND JAMES ZELLER, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV 21,117






MEMORANDUM OPINION (1)


 Lloyd E. Burruss, an inmate in the Texas Department of Criminal Justice,
Institutional Division, filed a negligence suit against Institutional Division employees or
former employees William Sherman, Richard K. Alford, Chuck Biscoe, Patricia Schultz,
Pauline Luce, James Zeller, and "Unknown administrators who sign certificates of
compliance to acquire federal funds." Burruss alleged that the defendants stole food from
inmates and served it in the officers' dining room, and served better food in the officers'
dining room than in the inmates' dining room. Burruss alleged that staff shortages and cuts
in programs beneficial to inmates were attributable to the theft of food. The trial court
dismissed the suit for filing a non-conforming affidavit of previous filings. Burruss
does not challenge the trial court's ruling that the affidavit of previous filings did not
contain the information required by statute. See Tex. Civ. Prac. & Rem. Code Ann. §
14.004 (Vernon 2002). Nor does the appellant challenge the trial court's ruling that his
case is frivolous under Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon
2002). The sole point of error challenges the dismissal of the suit with prejudice to its
refiling. 

 A dismissal for failure to comply with the rules governing the filing of in forma
pauperis suits is not a ruling on the merits. Hughes v. Massey, 65 S.W.3d 743, 746 (Tex.
App.--Beaumont 2001, no pet.). If the deficiency in the inmate's suit may be remedied
in a subsequent filing, then a dismissal with prejudice is improper. Hickman v. Adams,
35 S.W.3d 120, 124 (Tex. App.--Houston [14th Dist.] 2000, no pet.). "The proper remedy
is to modify the judgment by deleting the words 'with prejudice' and by substituting the
words 'without prejudice.'" Hughes, 65 S.W.3d at 746 (citing Tex. R. App. P. 43). 

 Point of error one is sustained. We reform the judgment to provide the cause is
dismissed without prejudice. As reformed, the judgment is affirmed.

 AFFIRMED AS REFORMED.



 PER CURIAM



Submitted on April 5, 2004

Opinion Delivered May 6, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.