In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-497 CV


____________________



PATRICK LEE MULLINS, Appellant



V.



S. SCHUMACHER, ET AL., Appellees






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 18,587






MEMORANDUM OPINION (1)


 Patrick Lee Mullins, a Texas Department of Criminal Justice, Correctional
Institutions Division inmate, filed suit against Department employees S. Schumacher, K.
Ward, D. Bone, A. Cantu, B. Thomas, E. Verret, F. Rawls, G. Mouvre, H. Seagrove,
I. Karkowski, W. Shackleford, D. Powell, and C. Mann. Mullins filed in forma pauperis,
making his claims subject to the procedural requirements of Chapter 14 of the Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014
(Vernon 2002). The trial court dismissed Mullins's claims against all defendants with
prejudice. Mullins raises six issues in his appeal. (2) 

 Mullins alleged that he pursued and exhausted his administrative remedies by
submitting his claims to the inmate grievance procedure. Copies of the Step 1 and Step
2 grievance decisions were attached to the petition. The allegations in the five grievances
in substance correspond to the causes of action stated in the petition. With the date of the
Step 2 administrative decision, they are: (1) a complaint regarding administrative
segregation impeding Mullins's access to the courts and to his personal property, resolved
March 6, 2003; (2) a complaint regarding being placed on book restriction in the law
library, resolved February 20, 2003; (3) a complaint relating to a shakedown of his cell
and resulting placement on food loaf for seven days, resolved February 21, 2003; (4) a
complaint of a fabricated sexual misconduct disciplinary action with an attendant disclosure
of medical information, resolved March 3, 2003; and (5) a complaint regarding
withholding medical supplies and declining to issue an order for Mullins to be handcuffed
in front rather than in back, resolved February 18, 2003. The suit was filed on May 1,
2003, more than thirty (30) days following the resolution of each of the administrative
proceedings. With his petition, Mullins filed an undated document titled "Affidavit of
Plaintiff, Patrick Lee Mullins, of Exhaustion of Administrative Remedies and Compliance
with Ch. 14, Tex. Civ. Prac. & Rem. Code Ann." That document alleged a "return date"
for each of the grievances. The first was returned March 12, 2003, the second was "still
pending," the third return date was March 3, the fourth March 12, and the fifth February
28. Except for the library restriction grievance alleged to be still pending, none of these
dates is within thirty-one (31) days of May 1. 

 Schumacher and Ward raised the late filing issue in a motion to dismiss filed with
the trial court on June 27, 2003. Also on June 27, 2003, Mullins filed a document titled
"Verification of Exhaustion of Remedies and Compliance with Chapter 14, Texas Civil
Practice & Remedies Code," in which Mullins claimed to have received the Step 2
grievance on the law library restrictions on June 10, 2003. The document containing the
signed resolution of the grievance is dated either "03/28/03" or "05/28/03." On July 7,
2003, the trial court dismissed the appeal pursuant to Chapter 14 without expressly ruling
on the motion to dismiss. That same day, Mullins filed a document titled "Plaintiff's Ex
Parte Objections to Defendants' Motion to Dismiss Converting Motion into Summary
Judgment Motion for the Plaintiff." In that document, Mullins states, "This
Action/Lawsuit was mailed to the Tyler County Court on the 07th day of April 2003 A.D. 
An [sic] can be proved by the Indigent Mail Records of the Gib Lewis Ext. CellBlock
Mailroom." The same document acknowledges, "This Lawsuit was not filed until May
01st, 2003 AD. By the Tyler County Court." 

 A document is "filed" when it is tendered to the clerk, or otherwise put under the
custody or control of the clerk. Tex. R. Civ. P. 74; Mr. Penguin Tuxedo Rental & Sales,
Inc. v. NCR Corp., 787 S.W.2d 371, 372 (Tex. 1990). An incarcerated litigant's claim,
which is governed by Chapter 14, is deemed filed "when the inmate places the document
in a properly addressed and stamped envelope or wrapper in the hands of prison
authorities. . . ." Warner v. Glass, No. 03-0214, slip op. at 4, 2004 Tex. LEXIS 438, at
*9-13 (Tex. May 7, 2004) (not yet reported)(adopting Houston v. Lack, 487 U.S. 266, 108
S.Ct. 2379, 101 L.Ed.2d 245 (1988)). The pleadings establish Mullins's noncompliance
with Section 14.005(b) as to only one of the five groups of claims. By his own pleadings
and responses, Mullins established that the claims relating to the shakedown of his cell and
the subsequent disciplinary case were exhausted administratively on February 21, 2003,
and that he received notice of the Step 2 ruling on March 3, 2003. Mullins alleges he
deposited the petition in the prison mail system on April 7, 2003. Therefore, the trial
court did not err in dismissing those claims with prejudice. See Hines v. Massey, 79
S.W.3d 269, 272 (Tex. App.--Beaumont 2002, no pet.)("A suit which is not timely filed
pursuant to section 14.005(b) is barred and may be dismissed with prejudice."). The
facially late-filed claims include one of the two sets of claims against Rawls and all of the
allegations against Thomas and Verret.

 Mullins's remaining claims relate to administrative segregation, law library book
restrictions, the disciplinary action with disclosure of medical information, and the
withholding of medical supplies and failure to issue an order regarding modified restraints. 
These claims were not demonstrably filed more than thirty (30) days after the date Mullins
received the written decision from the grievance system. 

 The petition, however, suffers from another deficiency under Chapter 14. Mullins
did not file the trust account statement required by Section 14.004(c). See Tex. Civ.
Prac. & Rem. Code Ann. § 14.004(c) (Vernon 2002). Mullins alleged he had requested
but had not received a trust account statement. On appeal, he argues that a dismissal on
these facts would be an abuse of the trial court's discretion. No authority is offered for
that proposition, however, and the statute does not provide an inmate with the right to file
a suit without the statement. Section 14.006(f), which provides for court-ordered payment
of fees based upon a percentage of the inmate's trust account balance, does state that the
trial court may order the Department to furnish a trust account statement. Tex. Civ.
Prac. & Rem. Code Ann. § 14.006(f) (Vernon 2002). The statute does not, however,
require the trial court to order the Department to furnish a trust account statement if the
inmate does not comply with Section 14.004(c). Therefore, the trial court could act within
its discretion in dismissing the suit. Unlike a claim dismissed under Section 14.005(b),
however, such a dismissal is not a ruling on the merits of the claim. See Tex. Civ. Prac.
& Rem. Code Ann. § 14.005(b) (Vernon 2002). Therefore, the trial court erred in
dismissing the claim with prejudice. Hughes v. Massey, 65 S.W.3d 743, 746 (Tex. App.--Beaumont 2001, no pet.). 

 Finally, Mullins argues that the trial court erred in failing to notify Mullins of its
intent to dismiss the suit. Although a motion to dismiss had been filed, the trial court
dismissed the suit pursuant to its authority under Section 14.003(a). An inmate does not
have a right to prior notice or to an opportunity to amend his pleadings before the trial
court exercises its right to dismiss the case without prejudice under Section 14.003(a). See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon 2002). Hughes, 65 S.W.3d at 
746. Issue five is overruled. 

 We hold that Mullins's suit was subject to dismissal for noncompliance with the
statutory requirements for inmate suits filed in forma pauperis. Issue one is overruled. 
The deficiencies are apparent on the face of the pleadings. Therefore, the trial court did
not improperly resolve material fact issues, as argued in issues two and three. Issues two
and three are overruled. Mullins's claims regarding the shakedown and subsequent
disciplinary action were not timely filed pursuant to Section 14.005(b). Therefore, the trial
court did not err in dismissing those claims with prejudice. The claims regarding
administrative segregation, law library book restrictions, the disciplinary action with
disclosure of medical information, the withholding of medical supplies and the failure to
issue an order regarding modified restraint, however, were shown to have been subject to
dismissal under Section 14.004(c), not Section 14.005(b). Therefore, the trial court erred
in dismissing those claims with prejudice. "The proper remedy is to modify the judgment
by deleting the words 'with prejudice' and by substituting the words 'without prejudice.'" 
Hughes, 65 S.W.3d at 746. Issue six is sustained in part. Because the trial court was
authorized to dismiss the entire case for failure to file a trust account statement, we do not
address the argument, raised in issue four, that the dismissed claims had an arguable basis
in law. 

 We reform the judgment to dismiss without prejudice the following causes of action
in tort: (1) against H. Seagrove, D. Bone, S. Schumacher, and K. Ward, for impeding
access to the courts and personal property through administrative segregation; (2) against
S. Schumacher, K. Ward, D. Bone, and I. Karkowski, for imposing law library book
restrictions; (3) against F. Rawls and D. Bone for filing a false disciplinary case and
disclosure of medical information; and (5) against G. Mouvre and W. Shackleford for
withholding medical supplies and failing to order modified restraints. (3) 

 AFFIRMED AS REFORMED.



 ____________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on April 26, 2004

Opinion Delivered June 10, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. The issues are: (1) whether the trial court abused its discretion in dismissing
Mullins's suit pursuant to Chapter 14; (2) whether the trial court improperly resolved fact
issues in granting judgment; (3) whether disputed fact issues are material issues; (4)
whether the trial court has jurisdiction over the appellant's claims; (5) whether the trial
court violated the appellant's due process rights in failing to notify him of its intention to
dismiss the case; and (6) whether the trial court properly dismissed the suit on proper
grounds. 
3. We decide this appeal based upon the technical requirements of Chapter 14. Of
course, our opinion addresses only the facial allegations regarding the time elapsed
between administrative exhaustion and filing suit. This opinion does not decide whether
the suit was in fact timely filed, nor do we decide if the allegations have actual merit.