In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-003 CV


____________________



MICHAEL McCANN , Appellant



V.



WILLIAM SHERMAN, RICHARD K. ALFORD, CHUCK BRISCOE, 


PATRICIA SCHULTZ, PAULINE LUCE, JAMES ZELLER, AND UNKNOWN


ADMINISTRATORS WHO SIGN CERTIFICATES


TO ACQUIRE FEDERAL FUNDS, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Court Cause No. 21,094






MEMORANDUM OPINION


 Michael McCann, an inmate in the Texas Department of Criminal Justice,
Institutional Division, filed suit against Institutional Division employees or former
employees for alleged tortious acts connected with food service in the prison. Without
prior notice, the trial court dismissed the suit with prejudice for failure to comply with the
requirements of Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002). (1)

 On appeal McCann raises one point of error--the district court should not have
dismissed his suit with prejudice without giving him an opportunity to amend. We agree. 
A dismissal for failure to comply with section 14.004 is not a ruling on the merits. Hughes
v. Massey, 65 S.W.3d 743, 746 (Tex. App.--Beaumont 2001, no pet.). The proper
remedy is to modify the judgment by deleting the words "with prejudice." Id. McCann's
point of error is sustained. We reform the judgment to provide the cause is dismissed
without prejudice. As reformed, the judgment is affirmed.

 AFFIRMED AS REFORMED. 

 PER CURIAM

 


Submitted on May 17, 2004

Opinion Delivered July 1, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Specifically, the order dismissing McCann's suit as frivolous finds McCann failed
to file an affidavit identifying previous filings, failed to fully describe each previous suit,
failed to state the operative facts of the prior filings, failed to list the style, cause number,
and court in which a previous suit was brought, failed to identify each party named in a
previous suit, failed to state the result of a previous suit, failed to state the date of the final
order affirming the dismissal of a previous suit that was dismissed as frivolous or
malicious, and failed to file a certified copy of the plaintiff's inmate trust account statement
with the plaintiff's affidavit or unsworn declaration related to previous filings. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002).