NO. 07-04-0452-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 13, 2005
_____

DONALD RAY McCRAY,

Appellant

v.

JEFFERSON COUNTY and PAULA S. FOY,

Appellees
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 91,967-D; HON. RICHARD DAMBOLD, PRESIDING
_____

***Memorandum Opinion***
_____

Before JOHNSON, C.J. and QUINN and CAMPBELL, JJ.

Donald Ray McCray (McCray) appeals from two orders dismissing his suit against Jefferson County and Paula S. Foy as frivolous. When McCray filed suit against those two defendants, he did so as a pauper and an inmate with the Texas Department of Criminal Justice. Furthermore, the orders dismissing the cause were entered after Jefferson County moved for dismissal. We affirm the judgment of the trial court.

The allegations in McCray's appellate brief are quite difficult to understand. Nevertheless, we read them as his attempt to complain about the trial court's dismissal of his suit. Furthermore, he apparently believes the trial court acted improperly because it did not accord him a hearing, opportunity to present evidence establishing that his claims had merit, or opportunity to respond to the motion to dismiss.

As to the allegation that McCray was entitled to a hearing, statute provides that the trial court may convene such a proceeding to determine whether a claim is frivolous. TEX. CIV. PRAC. & REM. CODE ANN. §14.003(c) (Vernon 2002). However, whether to do so is within the discretion of the court, *Thomas v. Wichita General Hospital,* 952 S.W.2d 936, 938 (Tex. App.–Fort Worth 1997, pet. denied), which means that it need not do so. *Thomas v. Bilby,* 40 S.W.3d 166, 168 (Tex. App.–Texarkana 2001, no pet.). Additionally, the record does not indicate that the trial court concluded that the claim was frivolous because it lacked any basis in fact. This is of import since a trial court is limited to deciding whether the claim lacks basis in law, as opposed to fact, when it opts not to conduct an evidentiary hearing. *Smith v. TDCJ,* 33 S.W.3d 338, 340 (Tex. App.–Texarkana 2000, pet. denied); *Gordon v. Scott,* 6 S.W.3d 365, 369 (Tex. App.–Beaumont 1999, pet. denied). So, the trial court's decision to forego a hearing did not constitute error.

As to the allegations about being denied opportunity to present evidence substantiating his claim or to respond to the motion, statute also provides that the suit may be dismissed before or after service of process upon the defendant. TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a) (Vernon 2002); *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.–Beaumont 2001, no pet.). Furthermore, an inmate has no right to notice of a motion to dismiss filed under §14.003. *Hughes v. Massey*, 65 S.W.3d at 745; *Bohannan v. Texas*

2

*Bd. of Crim. Justice*, 942 S.W.2d 113, 116 (Tex. App.–Austin 1997, writ denied).  So, if an inmate is not entitled to notice of the motion and if the suit may be dismissed either before or after service of process on the defendant, then it logically follows that he has no right to respond to the motion via writing or the presentation of evidence.  Additionally, McCray does not argue in his brief that the trial court substantively erred when it held his claims frivolous, as a matter of law.  Given this, we have no ground upon which to infer that McCray possessed relevant information to bring to the trial court's attention had a hearing or opportunity to respond been afforded him.  Thus, the record again precludes us from holding that the trial court erred in dismissing the claim.

In sum, each complaint of McCray asserted at bar is overruled, and the judgment is affirmed.


Brian Quinn
Justice