In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-036 CV


____________________



DALE ALAN CURTIS, Appellant



V.



WILLIAM J. KOUNTZ, ET AL., Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-175,308






MEMORANDUM OPINION


 Pro se appellant Dale Alan Curtis, an inmate in the Texas Department of Criminal
Justice, sued appellees Shane E. Gray, William J. Kountz, Leroy Anderson, David W.
Aldridge, and Sharon L. Wilcox for alleged violations of the Texas Penal Code,
retaliation, civil rights violations, theft, harassment, abuse of official capacity, filing a
false disciplinary action, and removing property from his cell without providing him
confiscation papers. Curtis filed an affidavit that averred he was unable to pay court costs. 
Appellees filed a motion to dismiss pursuant to chapter 14 of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon
2002). The trial court granted appellees' motion and entered an order dismissing the case. 
In its dismissal order, the trial court found that "the petition filed by the plaintiff is
frivolous and not in compliance with the requirements set forth in Texas Civil Practices
[sic] and Remedies Code, Chapter 14." Curtis filed this appeal, in which he raises four
issues for our consideration.

 In his first issue, Curtis argues the trial court abused its discretion by dismissing his
case as frivolous. Curtis's argument for issue one states general legal principles
concerning abuse of discretion, but it does not explain how the trial court abused its
discretion in this case, nor does that section of the brief contain record references. We
cannot discern the specific action of the trial court that Curtis contends was an abuse of
discretion. (1) Therefore, we overrule issue one. See Tex. R. App. P. 38.1(h) (Appellant's
brief must contain a clear and concise argument for the contentions made.).

 In his second issue, Curtis asserts the trial court erred by failing to hold a hearing
before dismissing his case. Section 14.003(c) provides as follows: "In determining
whether Subsection (a) applies, the court may hold a hearing. The hearing may be held
before or after service of process, and it may be held on motion of the court, a party, or
the clerk of the court." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon 2002). 
The statute states that the trial court "may" hold a hearing, but it does not require the trial
court to do so before dismissing a claim. See Tex. Gov't Code Ann. § 311.016(1)
(Vernon 2005) ("'May' creates discretionary authority or grants permission or a power.");
Hardy v. Marsh, 170 S.W.3d 865, 870-71 (Tex. App.--Texarkana 2005, no pet.) ("The
use of the word 'may' in a statute shows that the provision is discretionary and not
mandatory."). Issue two is overruled.

 In his third issue, Curtis argues the trial court "used misinterpretation of evidence
to be used . . . by the Defendants that were submitted in the motion to dismiss." Curtis's
arguments under this issue are, at best, difficult to understand. Curtis seems to argue that
appellees' motion to dismiss mischaracterized his claim as "a 42 U.S.C. § 1983 action to
overturn a disciplinary case[,]" when his case is actually a civil action brought "in
accordance with the Texas Government Code, Chapter 2001." Curtis also seems to argue
that appellees committed theft, which proves that they took his property without proper
authorization with a retaliatory motive. Lastly, Curtis maintains that the allegedly
retaliatory taking of his personal property "was unlawful for the purpose of the Theft
Liability Act."

 Curtis argues that his claims are brought pursuant to "Texas Government Code,
Chapter 2001" rather than 42 U.S.C. § 1983. (2) However, section 2001.226 states, "This
chapter does not apply to a rule or internal procedure of the Texas Department of Criminal
Justice or Texas Board of Criminal Justice that applies to an inmate or any other person
under the custody or control of the department or to an action taken under that rule or
procedure." Tex. Gov't Code Ann. § 2001.226 (Vernon 2000). It appears that Curtis
complains of the taking of certain personal property during an inspection of his cell by
TDCJ officials. Such a claim clearly falls within the exclusion set forth in section
2001.226. See Tex. Gov't Code Ann. § 2001.226 (Vernon 2000).

 Curtis's petition fails to establish that appellees wrongfully took his property. 
Rather, his petition seems to state that appellees took his property while acting pursuant
to their official authority under state law, but that such authority was exercised in a
retaliatory manner. In support of his retaliation claim, Curtis cites Woods v. Smith, 60
F.3d 1161 (5th Cir. 1995), a § 1983 case. However, Curtis's brief specifically denies that
he is making a claim under § 1983, and he cites no other authorities indicating that a cause
of action for retaliation exists outside of § 1983.

 The Theft Liability Act provides that "A person who commits theft is liable for the
damages resulting from the theft." Tex. Civ. Prac & Rem. Code Ann. § 134.003
(Vernon 2005). The Texas Penal Code defines the offense of theft as unlawful
appropriation of property with the intent to deprive the owner of the property. 
Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2006). As previously noted, Curtis
alleges appellees, acting under the authority of state law, searched his cell and took his
property. Such allegations do not establish an unlawful appropriation of property, and
Curtis therefore does not state a claim under the Theft Liability Act. We overrule issue
three.

 Curtis's fourth issue asserts the trial court improperly dismissed his case with
prejudice. We agree. The trial court's judgment recites that Curtis's petition does not
comply with the requirements of chapter 14 of the Texas Civil Practice and Remedies
Code. The order does not explain how Curtis's petition fails to comply or the basis for
dismissing the case as frivolous. (3) "A dismissal for failure to comply with the rules
governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly,
it is error to dismiss the suit with prejudice if the inmate was not first provided with an
opportunity to amend his pleadings." Hughes v. Massey, 65 S.W.3d 743, 746 (Tex. App.--Beaumont 2001, no pet.). Therefore, we reform the trial court's judgment by deleting
the words "with prejudice" and substituting the words "without prejudice." See id. We
sustain issue four.

 We reform the trial court's judgment to provide that the cause is dismissed without
prejudice. We affirm the judgment as reformed.

 AFFIRMED AS REFORMED.



 

 STEVE McKEITHEN

 Chief Justice


Submitted on August 28, 2006

Opinion Delivered September 21, 2006


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. We endeavor to address these general propositions where they are specifically
briefed under issues two through four.
2. The cases cited by Curtis on appeal involve alleged violations of 42 
U.S.C. § 1983. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961),
overruled, Monell v. Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611
(1978); Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995). 
3. In determining whether a claim is frivolous or malicious, the court may consider
whether:

 (1) the claim's realistic chance of ultimate success is
slight;

 (2) the claim has no arguable basis in law or in fact;

 (3) it is clear that the party cannot prove facts in
support of the claim; or

 (4) the claim is substantially similar to a previous
claim filed by the inmate because the claim
arises from the same operative facts.


Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002).