IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00352-CV

 

Patrick Lee Mullins,

                                                                                    Appellant

 v.

 

Hector Ortiz and Estelle High Security,

                                                                                    Appellee

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23451

 



MEMORANDUM  Opinion










 

            The underlying suit in this appeal is
the 14th civil suit filed by Patrick Mullins, an inmate in prison.  The trial
court dismissed his suit with prejudice as frivolous and not in compliance with
Chapter 14 of the Texas Civil Practice and Remedies Code.  Mullins appealed the
dismissal.  

            The standard for review of a Chapter
14 dismissal is whether the trial court abused its discretion.  Hickson v.
Moya, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).  Abuse of
discretion is determined by whether the trial court acted without reference to
any guiding principles.  Mullins v. Estelle High Sec. Unit, 111 S.W.3d
268, 271 (Tex. App.—Texarkana 2003, no pet.).  

            Mullins is no stranger to the
requirements of Chapter 14.  But his petition still suffers from a deficiency
under Chapter 14; that is, Mullins did not file the trust account statement
required by Section 14.004(c).  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.004(c) (Vernon 2002).  The statute
does not provide an inmate with the right to file a suit without the statement. 
Therefore, the trial court could act within its discretion in dismissing the
suit on that statutory requisite.  Hughes v. Massey, 65 S.W.3d 743, 746
(Tex. App.—Beaumont 2001, no pet.).  However, such a dismissal is not a ruling
on the merits of the claim.  Lentworth v. Trahan, 981 S.W.2d 720, 722-23
(Tex. App.—Houston [1st Dist.] 1998, no pet.).  The proper remedy, then, is to
modify the judgment by deleting the words 'with prejudice' and by substituting
the words 'without prejudice.'  Hughes, 65 S.W.3d at 746.  Therefore, we
reform the judgment to provide the claims made by Mullins are dismissed without
prejudice. 

            As reformed, the trial court’s
judgment is affirmed.

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed
as reformed

Opinion
delivered and filed August 29, 2007

[CV06]