In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-501 CV


____________________



WOODROW WILSON WILLIAMS, Appellant



V.



WARDEN L. MASSEY, ET AL., Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV23,797






MEMORANDUM OPINION



 Pro se appellant Woodrow Wilson Williams, an inmate, sued Warden L. Massey and
numerous other defendants for alleged due process violations. Williams filed an application
to proceed in forma pauperis. Before the defendants were served, the trial court sua sponte
dismissed the case without prejudice pursuant to chapter 14 of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). 
In its order dismissing the case, the trial court found that Williams failed to fully describe
each previous suit by: failing to state the operative facts for which relief was sought; failing
to identify each party named in a previous suit; failing to state the result of a previous suit;
and failing to state the date of the final orders affirming the dismissals if a previous suit was
dismissed as frivolous or malicious. The trial court then determined that Williams's claims
were frivolous and dismissed them without prejudice pursuant to § 14.003(b)(4) of the Texas
Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4)
(Vernon 2002). Williams filed this appeal, in which he raises five issues for our
consideration. We affirm.

 In issue one, Williams argues that the trial court erred "in dismissing [the] suit
entirely." In issue two, Williams asserts the trial court should have granted his motion to
amend. Williams contends in issue three that his lawsuit was not legally frivolous. In issue
four, Williams asserts that the trial court abused its discretion. Finally, in issue five,
Williams asserts that the trial court erred by dismissing the case despite the existence of
disputed factual issues.

 We review a trial court's dismissal of an inmate's claims under Chapter 14 for an
abuse of discretion. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.--Waco 1996, no
writ); see Tex. Civ. Prac. & Rem. Code Ann. § 14.003. Section 14.003 of the Texas Civil
Practice and Remedies Code provides as follows, in pertinent part:

 (a) A court may dismiss a claim, either before or after service of process,
if the court finds that:


 . . . .


 (2) the claim is frivolous or malicious. . . .


 (b) In determining whether a claim is frivolous or malicious, the court may
consider whether:


 . . . .


 (4) the claim is substantially similar to a previous claim filed by the
inmate because the claim arises from the same operative facts.


Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(4). In addition, § 14.004 provides
as follows, in pertinent part:

 (a) An inmate who files an affidavit or unsworn declaration of inability to
pay costs shall file a separate affidavit or declaration:


 (1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was
not represented by an attorney, without regard to whether the
person was an inmate at the time the suit was brought; and


 (2) describing each suit that was previously brought by:


 (A) stating the operative facts for which relief was sought;


 (B) listing the case name, cause number, and the court in
which the suit was brought;


 (C) identifying each party named in the suit; and


 (D) stating the result of the suit, including whether the suit 
 was dismissed as frivolous or malicious under Section 
 13.001 or Section 14.003 or otherwise.


 (b) If the affidavit or unsworn declaration filed under this section states
that a previous suit was dismissed as frivolous or malicious, the
affidavit or unsworn declaration must state the date of the final order
affirming the dismissal.


Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a), (b). 

 Williams filed three affidavits with the trial court, in which he discussed the details
of three prior lawsuits he had filed pro se in state court. However, Williams's petition also
listed eleven prior lawsuits he had filed in federal court, and for those cases, his petition
provided only the style, cause numbers, filing dates, and dates the lawsuits were concluded.
Williams did not file an affidavit that set forth any additional details concerning the eleven
prior lawsuits he filed in federal court. Therefore, the trial court did not abuse its discretion
by determining that Williams's affidavits of prior filings did not comply with the
requirements of § 14.004. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004. When an
inmate's affidavit provides insufficient information regarding previous filings because it does
not meet the requirements set forth in Chapter 14, the trial court is entitled to assume that
previous suits were substantially similar to previous claims and were frivolous. Hall v.
Treon, 39 S.W.3d 722, 724 (Tex. App.--Beaumont 2001, no pet.); Clark v. J.W. Estelle Unit,
23 S.W.3d 420, 422 (Tex. App.--Houston [1st Dist.] 2000, pet. denied). Accordingly, the
trial court did not abuse its discretion by finding Williams's case to be frivolous and
dismissing it pursuant to § 14.003(b)(4). See Tex. Civ. Prac. & Rem. Code Ann. 
§ 14.003(b)(4). We overrule issues one, three, and four.

 The trial court dismissed Williams's case without prejudice. Therefore, the trial court
was not required to permit Williams to amend his pleadings to cure the defects, since
Williams could simply re-file his lawsuit. Compare Hughes v. Massey, 65 S.W.3d 743, 746
(Tex. App.--Beaumont 2001, no pet.) ("A dismissal for failure to comply with the rules
governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it
is error to dismiss the suit with prejudice if the inmate was not first provided with an
opportunity to amend his pleadings."). We overrule issue two.

 In his fifth issue, Williams argues that the trial court erred by dismissing the case
despite the existence of disputed factual issues. As discussed above, a dismissal for failure
to comply with the rules is not a ruling on the merits. See id. Therefore, the alleged
existence of disputed factual issues is not relevant to the trial court's determination of
whether Williams complied with the requirements of Chapter 14 of the Civil Practice and
Remedies Code. See generally id.; see also generally Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.001-14.014. We overrule issue five and affirm the trial court's judgment.

 AFFIRMED.


 

 STEVE McKEITHEN

 Chief Justice


Submitted on April 17, 2008

Opinion Delivered May 15, 2008

Before McKeithen, C.J., Gaultney and Horton, JJ.