TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00087-CV






Henry Chavez, Appellant


v.


Texas Board of Pardons and Paroles, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-06-000232, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Appellant Henry Chavez, appearing pro se, appeals from the order of dismissal of his
suit against the Texas Board of Pardons and Paroles (the "Board") and the Texas Department of
Criminal Justice (the "Department"). (1) Chavez originally filed a petition for writ of mandamus in
Travis County, requesting that the trial court order the Board and the Department to release him from
prison. The Board and the Department filed a motion to dismiss under chapter 14 of the civil
practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). 
After conducting a hearing by telephone, the trial court granted the motion to dismiss. We affirm
the trial court's order of dismissal.



BACKGROUND

 Chavez, an inmate in the Department's institutional division, filed a petition for writ
of mandamus against the Board and the Department, claiming that he should be released to
mandatory supervision. Chavez argued that while the legislature has not provided that inmates who
have been convicted of aggravated sexual assault, such as himself, are eligible for release to
mandatory supervision, this legislative choice violates his constitutional rights. (2) 

 The Board and the Department filed a motion to dismiss under section 14.003 of the
civil practice and remedies code, which provides that a suit filed by an inmate may be dismissed if
the court finds that the claim is frivolous or malicious. See id. § 14.003(a)(2). The trial court set a
telephonic hearing on the motion for September 13, 2007, which was later rescheduled for
October 11, 2007. See id. § 14.003(c) (providing that trial court may hold hearing to determine
whether to dismiss inmate's claim as frivolous or malicious). After the October 11 hearing, at which
Chavez was allowed to participate by telephone, the trial court signed an order dismissing Chavez's
suit with prejudice as frivolous and denying Chavez's requests for a record of the hearing and
findings of fact and conclusions of law. 

 Chavez appeals from the order of dismissal, arguing that his due-process rights were
violated because (1) he did not have proper notice of the October 11 hearing on the motion to
dismiss, (2) the trial court denied his request to have the hearing recorded or transcribed, and (3) the
trial court refused to issue findings of fact and conclusions of law.


DISCUSSION

 Chapter 14 of the civil practice and remedies code applies special procedural rules
to inmates who have filed declarations of inability to pay costs in civil causes of action, other than
those brought under the family code. See id. § 14.002. Section 14.003 authorizes a trial court to
dismiss an inmate's claim if the court determines, among other things, that the claim is frivolous. 
Id. § 14.003(a)(2). "The legislature enacted this statute to control the flood of frivolous lawsuits
being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources
with little offsetting benefits." Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.--Corpus Christi
2001, pet. denied). The procedural rules set forth in chapter 14 may not be modified or repealed by
the regular rules of civil procedure. Tex. Civ. Prac. & Rem. Code Ann. § 14.014. 

 We review a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. 
Presiado v. Sheffield, 230 S.W.3d 272, 274 (Tex. App.--Beaumont 2007, no pet.). A trial court has
broad discretion to dismiss an inmate's suit as frivolous "because: (1) prisoners have a strong
incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are
not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials,
courts, and meritorious claimants." Retzlaff v. Texas Dep't of Crim. Justice, 94 S.W.3d 650, 654
(Tex. App.--Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion if it acts in
an arbitrary or unreasonable manner without reference to guiding rules or principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 


 In his first issue on appeal, Chavez complains that he did not receive prior notice that
the hearing on the motion to dismiss was set for October 11, 2007, after the original hearing date was
postponed. While Chavez participated in the hearing by telephone, he contends that he "was not
ready," and that the lack of notice prevented him from being sufficiently prepared.

 The trial court's decision whether to conduct a hearing on a motion to dismiss under
section 14.003 is discretionary. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (the court "may
hold a hearing" to determine whether to dismiss claim) (emphasis added); Hall v. Treon, 39 S.W.3d
722, 724 (Tex. App.--Beaumont 2001, no pet.). Furthermore, an inmate has no right to receive
notice that a motion to dismiss under section 14.003 has been filed or to an opportunity to amend. 
See Hughes v. Massey, 65 S.W.3d 743, 745 (Tex. App.--Beaumont 2001, no pet.); see also
Bohannan v. Texas Bd. of Crim. Justice, 942 S.W.2d 113, 116 (Tex. App.--Austin 1997,
writ denied). Because the trial court could have dismissed Chavez's claim without providing a
hearing or without giving notice that a motion to dismiss had been filed, it follows that the trial court
did not abuse its discretion in dismissing the claim without providing prior notice of the dismissal
hearing. See Henderson v. Texas Bd. of Pardons & Paroles, No. 03-99-00423-CV, 2000 Tex. App.
LEXIS 474, at *3 (Tex. App.--Austin 2000, no pet.) (not designated for publication) (holding that
it was "not mandatory that the court give notice of a hearing or even conduct a hearing to decide
whether to dismiss" appellant's claim under section 14.003). Chavez's first issue is overruled.

 Chavez argues, in his second issue on appeal, that his due-process rights were violated
by the fact that the trial court denied his request to record or transcribe the dismissal hearing. As
discussed above, the trial court was not required to provide Chavez with a hearing or an opportunity
to respond before dismissing his claim under section 14.003. See, e.g., Gowan v. Texas Dep't of
Crim. Justice, 99 S.W.3d 319, 323 (Tex. App.--Texarkana 2003, no pet.). (3) Because Chavez was
not entitled to a hearing or an opportunity to respond, we conclude that, by extension, he was not
entitled to a record of the hearing. See Guajardo v. Texas Bd. of Pardons & Paroles, No. 03-03-00539-CV, 2004 Tex. App. LEXIS 4044, at *7-8 (Tex. App.--Austin 2004, no pet.) (mem. op.,
not designated for publication) (holding that because hearing is not required under section 14.003,
"failure to record the hearing . . . did not impede [appellant's] right to appeal"). We overrule
Chavez's second issue.

 In Chavez's third issue, he argues that the trial court deprived him of due process by
denying his request for findings of fact and conclusions of law. When an abuse-of-discretion
standard of review applies to a trial court's ruling, findings of fact and conclusions of law are not
required unless a statute or rule specifically states otherwise. See In re M.J.G., 248 S.W.3d 753, 761
(Tex. App.--Fort Worth 2008, no pet.); Davis v. Spring Branch Med. Ctr., Inc., 171 S.W.3d 400,
413 (Tex. App.--Houston [14th Dist.] 2005, no pet.). Therefore, because we review the dismissal
of an inmate's claim under chapter 14 for an abuse of discretion, Presiado, 230 S.W.3d at 274, and
because chapter 14 is silent on findings of fact and conclusions of law, we hold that the trial court
was not required to issue findings of fact and conclusions of law in relation to the dismissal of
Chavez's claim. See Brown v. Law Office of Moore & Moore, No. 02-04-00262-CV,
2005 Tex. App. LEXIS 4387, at *3 (Tex. App.--Fort Worth 2005, no pet.) (mem. op.,
not designated for publication) (holding that findings of fact and conclusions of law were not
required where suit was dismissed as frivolous under section 14.003). As a result, Chavez's third
issue is overruled. 

 Chavez briefly addresses the merits of the chapter 14 dismissal of his claim for the
first time in his reply brief on appeal, presumably in response to the discussion of these issues in the
appellee's brief. An appellant may not raise a new issue in a reply brief "in response to some matter
pointed out in the appellee's brief but not raised by appellant's original brief." Howell v. Texas
Workers' Comp. Comm'n, 143 S.W.3d 416, 439 (Tex. App.--Austin 2004, pet. denied); see also
Tex. R. App. P. 38.3. Therefore, Chavez has waived any challenge to the substantive merits of the
chapter 14 dismissal due to his failure to assert any such challenge on appeal until his reply brief.

 

CONCLUSION

 Because we have determined that Chavez's due-process rights were not violated by
the trial court's failure to provide Chavez with advance notice of the hearing on the motion to
dismiss, a record of the hearing, or findings of fact and conclusions of law, we affirm the trial court's
order of dismissal.


__________________________________________ Diane M. Henson, Justice 

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: August 13, 2008
1. While the underlying suit was brought against both the Texas Board of Pardons and Paroles
and the Texas Department of Criminal Justice, Chavez named the Board as the sole appellee in the
notice of appeal and docketing statement that he filed with this Court.
2. While the clerk's record does not contain Chavez's petition, the content of the petition is
described in the motion to dismiss. 
3. This Court has also held that if a dismissal hearing is conducted, the inmate is not
necessarily entitled to participate. See Hunt v. Rodriguez-Mondoza, No. 03-06-00117-CV,
2007 Tex. App. LEXIS 7250, at *4-5 (Tex. App.--Austin 2007, pet. denied) (mem. op.).