**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00204-CV**
_____

**TIMOTHY EDWARD HOLZ, Appellant**

**V.**

**UNITED STATES OF AMERICA CORPORATION, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-201,556**

**MEMORANDUM OPINION**

*Pro se* appellant Timothy Edward Holz appeals from the trial court's dismissal of his lawsuit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (West 2017). Specifically, Holz argues that the trial judge erred by dismissing the suit with prejudice before an answer was filed. We affirm the trial court's order as modified.

1

BACKGROUND

Holz filed suit against the "United States of America Corporation, c/o J.F. Caraway."[1] In his "individual capacity complaint," Holz asserted that after returning from the hospital, he was placed in a special housing unit at a federal prison in Jefferson County, Texas, as Hurricane Harvey approached. Holz asserted that for the next twenty-one days, he suffered "inhumane" conditions of confinement, including lack of air conditioning, electricity, water, laundry, as well as denial of pain medication. According to Holz, the alleged failure to protect the inmates from the approaching storm constituted a violation of the Eighth Amendment. *See* U.S. Const. amend. VIII. Holz specifically asserted claims for the following: (1) attempted murder "which is a specific civil wrong[;]" (2) abandonment; (3) cruel and unusual punishment via denial of pain medication; (4) inhumane confinement conditions due to "being unable to eat the small amount of food in our possession due to the stench of a toilet full of feces[;]" (5) a due process violation for "deliberate 'attempted murder[;]'" (6) violation of the Eighth Amendment by failing to protect inmates from a "known imminent risk of deadly force[;]" (7) violation of the Eighth

---

[1]In his petition, Holz states that J.F. Caraway is the Regional Director of the Federal Bureau of Prisons.

2

Amendment due to denial of pain medication; and (8) violation of the Fifth Amendment for "deliberate indifference" by denying prescribed pain medications.

Holz sought $25,000,000,000 in compensatory damages for each claim and $25,000,000,000 in punitive damages for each claim. Holz attached to his petition (1) his inmate register number from the website of the Federal Bureau of Prisons; (2) a "sworn affidavit"[2] in which he describes the severity of Hurricane Harvey and compared it to the storm that struck Galveston at the beginning of the twentieth century; (3) a civil case information sheet; (4) a request for service of process; (5) a statement of inability to afford court costs or an appeal bond; (6) a citation without a return; (7) a citation by mailing, also without a return; (8) a second citation by mailing with a return of service, which indicated that "USA Corporation" had been served by certified mail on April 9, 2018; and (9) a delivery confirmation from the United States Postal Service. On April 30, 2018, the trial court signed an order dismissing Holz's case with prejudice. Holz appealed.

## ANALYSIS

In his sole appellate issue, Holz contends that the trial judge erred by dismissing the suit with prejudice before an answer was filed. We review the trial

---

[2]Holz's "affidavit" was not notarized, and it appears to be an unsworn declaration.

3

court's dismissal under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). We will affirm the trial court's dismissal if it was proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990). *In forma pauperis* suits by inmates, such as Holz's lawsuit, are governed by Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014. Section 14.004 requires an inmate who files an unsworn declaration of inability to pay costs to file a separate affidavit or declaration that identifies each action, other than one under the Family Code, previously brought by the inmate *pro se*, without regard to whether the person was an inmate when the suits were brought. *Id*. § 14.004(a)(1). The affidavit or declaration must describe *each* previously-brought action by stating the operative facts for which relief was sought; listing the case name, cause number, and court where the action was filed; identifying each party named in the action; and stating the result of the action. *Id*. § 14.004(a)(2).

Holz did not provide a separate affidavit or declaration that identified each action he previously filed *pro se*, as required by section 14.004(a)(1). *See id*. § 14.004(a)(1). Because Holz's filing failed to comply with the requirements of Chapter 14, we conclude that the trial court did not abuse its discretion by dismissing Holz's case. *See id*. § 14.004(a). We therefore overrule Holz's issue. Although we

4

hold that the trial court did not err by dismissing Holz's suit, the dismissal did not concern the merits of Holz's claims. "A dismissal for failure to comply with the rules governing the filing of *in forma pauperis* suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings." *Hughes v. Massey*, 65 S.W.3d 743, 746 (Tex. App.—Beaumont 2001, no pet.). We modify the judgment to provide that the cause is dismissed without prejudice. *See id*. We affirm the trial court's order of dismissal as modified. *See* Tex. R. App. P. 43.2(b).

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 23, 2018
Opinion Delivered November 29, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.