Jairo **PRESIADO**, Appellant,

v.

Helen **SHEFFIELD**, Steven Neal, Fernando Briseno, Howard Neil, Lloyd Massey, Appellees.

No. 09–06–446 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 29, 2007.

Decided July 12, 2007.

---

Jairo Presiado, Livingston, pro se.

Greg Abbott, Atty. Gen., Grady William-son, Asst. Atty. Gen., Austin, for appellees.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

CHARLES KREGER, Justice.

Jairo Presiado, an inmate, filed suit *in forma pauperis* against TDCJ employees Helen Sheffield, Fernando Briseno, Steven Neal, Howard Neil, and Lloyd Massey. Presiado's suit related to the confiscation and destruction of his personal property and his transfer to a "Gang Pod." Presiado appeals the trial court's order dismissing the suit with prejudice as frivolous pursu-ant to Chapter 14 of the Texas Civil Prac-tice and Remedies Code. We affirm in part and reverse and remand in part.

■ Chapter 14 applies to inmate suits in which the inmate files an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a) (Vernon 2002). Section 14.003 allows a court to dismiss an inmate's claim if it determines the claim is frivolous or malicious. *Id.* § 14.003(a)(2). In deter-mining whether a claim is frivolous or malicious, the court may consider whether the claim has no arguable basis in law or fact. *Id.* § 14.003(b)(2). When the trial court does not hold a hearing on the mo-tion to dismiss, the issue before a review-ing court is whether the trial court proper-ly determined the lawsuit had no arguable basis in law. *Gordon v. Scott,* 6 S.W.3d 365, 369 (Tex.App.-Beaumont 1999, pet. denied). We review a Chapter 14 dismiss-al under an abuse of discretion standard. *Moore v. Zeller,* 153 S.W.3d 262, 263 (Tex. App.-Beaumont 2004, pet. denied). To es-tablish an abuse of discretion, an appellant must show the trial court acted arbitrarily or unreasonably in light of the circum-stances. *Jackson v. Tex. Dep't of Crim. Justice–Inst'l Div.,* 28 S.W.3d 811, 813 (Tex.App.-Corpus Christi 2000, pet. de-nied).

■ Presiado argues on appeal that the trial court erred in failing to afford him a hearing before dismissing his suit. Sec-tion 14.003(c) provides as follows: "In de-termining whether Subsection (a) applies, the court may hold a hearing. The hear-ing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court." TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(c). The statute states that the trial court "may" hold a hearing, but it does not require the trial court to do so before dismissing a claim. *See* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005)

("'May' creates discretionary authority or grants permission or a power."); *Hardy v. Marsh*, 170 S.W.3d 865, 870–71 (Tex.App.-Texarkana 2005, no pet.) ("The use of the word 'may' in a statute shows that the provision is discretionary and not mandatory."); *see also Long v. Tanner*, 170 S.W.3d 752, 754 (Tex.App.-Waco 2005, pet. denied)(hearing not required for a trial court to determine suit has no arguable basis in law).

Presiado also maintains the trial court erred in dismissing his suit when he has a cognizable theft claim under the Texas Theft Liability Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 134.001–.005 (Vernon 2005). The Texas Theft Liability Act provides that "[a] person who commits theft is liable for the damages resulting from the theft" and provides damages for the victim of the theft. *Id.* §§ 134.003(a), 134.005.

Presiado's petition alleged that defendants Sheffield, Briseno, Neil, and Neal entered his cell, confiscated and destroyed his personal property, and retaliated by placing Presiado in "7 bldg, G–Pod, Gang Pod, when [Presiado] is not a gang member." Presiado stated that some of the items confiscated were returned to him, but his radio, $80 worth of commissary items, one hundred photos, and legal work had not been returned to him. Presiado states defendant Warden Massey knew of the other defendants' acts and failed to act.

■ Presiado's petition contains no statutory basis for his allegations and does not state whether he is suing the defendants in their individual or official capacities. Courts construe any petition liberally and in favor of the drafter if no special exceptions have been sustained as to that petition. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex. 2000). Because the trial court did not sustain any special exceptions against Pre-

siado's petition, this Court must construe his petition liberally. *See id.*

■ To the extent, if any, Presiado was suing the defendants in their official capacities, the claims are barred by sovereign immunity. *See, e.g., Univ. of Tex. Med. Branch at Galveston v. Hohman,* 6 S.W.3d 767, 777 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (Sovereign immunity bars intentional tort suits against state employees in their official capacities.) Theft is an intentional act. *See* Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp.2006). The Texas Tort Claims Act does not waive sovereign immunity for intentional acts. Tex. Civ. Prac. & Rem.Code Ann. § 101.057 (Vernon 2005); *Hohman,* 6 S.W.3d at 777.

■ Sovereign immunity, however, does not bar Presiado's theft claims against defendants Sheffield, Briseno, Neil, and Neal in their individual capacities. *See Minix v. Gonzales,* 162 S.W.3d 635, 639 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (citing *Harrison v. Tex. Dep't of Crim. Justice–Inst'l Div.,* 915 S.W.2d 882, 888 (Tex.App.-Houston [1st Dist.] 1995, no writ)). Therefore, construing Presiado's petition with liberality, there is an arguable basis in law as to Presiado's Theft Liability Act claims against Sheffield, Briseno, Neil, and Neal in their individual capacities. *See id.* The trial court's judgment is affirmed in regard to the dismissal of Presiado's claims against Massey and Presiado's claims against Sheffield, Briseno, Neil, and Neal for retaliation and theft in their official capacities; however, the judgment is reversed and remanded as to Presiado's theft claims against Sheffield, Briseno, Neil, and Neal in their individual capacities.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

DAVID GAULTNEY, Justice, dissenting.

I respectfully dissent. The dismissal order should be modified to reflect the dismissal is without prejudice, and affirmed as modified.

Chapter 14 applies to inmate litigation in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002 (Vernon 2002). The statute apparently "was designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex.App.-Waco 1996, no writ). The trial court has the authority to dismiss a lawsuit governed by the statute before or after process is served, with or without a hearing, if the court finds the claim is frivolous or malicious. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(c) (Vernon 2002). In determining whether the claim is frivolous or malicious, the court "may consider whether ... (2) the claim has no arguable basis in law or in fact[.]" *Id.* § 14.003(b).

The trial court's determination of frivolousness is a discretionary one, and is reviewed on appeal for abuse of that discretion. *See Moore v. Zeller*, 153 S.W.3d 262, 263 (Tex.App.-Beaumont 2004, pet. denied). The trial court essentially must determine whether Chapter 14 permits the lawsuit to proceed on the basis of the affidavit or unsworn declaration of inability to pay costs filed by the inmate. The discretionary dismissal here is not an adjudication on the merits. *See, e.g., Mullins v. Estelle High Sec. Unit,* 111 S.W.3d 268, 273–74 (Tex.App.-Texarkana 2003, no pet.); *Hughes v. Massey,* 65 S.W.3d 743, 746 (Tex.App.-Beaumont 2001, no pet.). Generally, the order dismissing a suit under Chapter 14 does not bar a subsequent paid petition, which would fall outside the scope of Chapter 14. *See generally Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (Under a similar federal statute, the United States Supreme Court explained: "[T]he dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions.") (citations omitted). A dismissal order under Chapter 14 should generally be without prejudice. *See, e.g., Mullins,* 111 S.W.3d at 274; *Lentworth v. Trahan,* 981 S.W.2d 720, 722–23 (Tex.App.-Houston [1st Dist.] 1998, no pet.). The order here should be modified to reflect that the dismissal is without prejudice.

The dismissal of this claim was not an abuse of the trial court's discretion. The order is not arbitrary or unreasonable, and the trial court did not act without reference to any guiding principles. *See Hickson,* 926 S.W.2d at 398–399 (abuse of discretion standard of review). "That an appellate court might have decided a matter within the trial judge's discretion in a different manner does not demonstrate that an abuse of discretion has occurred." *Id.* at 399.

The inmate's theft claim against the defendants in their official capacity does not have an arguable basis in law because an illegal or unauthorized act of an individual is not an act of the governmental unit. *See generally Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 404 (Tex.1997), *superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little–Tex. Insulation Co.,* 39 S.W.3d 591, 593 (Tex.2001) ("A state official's illegal or unauthorized actions are not acts of the State."). Sovereign immunity does not bar theft allegations as a matter of law against these defendants because the inmate's claims are

necessarily asserted against the defendants in their individual capacities. *See generally Harrison v. Tex. Dep't of Criminal Justice–Institutional Div.*, 915 S.W.2d 882, 888 (Tex.App.-Houston [1st Dist.] 1995, no writ). Nonetheless, a theft claim may be frivolous because it is not arguable in fact.

The issue here is whether the trial judge could, without a hearing, dismiss the claim. This Court and others have said that under Chapter 14 a trial court may not, without a hearing, dismiss an inmate's claim on the ground that the claim has no arguable basis in fact. See *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Gordon v. Scott*, 6 S.W.3d 365, 369 (Tex.App.-Beaumont 1999, pet. denied). That approach overlooks the language and purpose of the statute. The statute does not require a hearing, and the dismissal only precludes a claim from proceeding under Chapter 14. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.002, 14.003(c) (Vernon 2002). The ruling here is not an adjudication following a trial or summary judgment procedure. Essentially, the statute gives a trial judge broad and unusual authority to look behind the curtain of factual allegations in a case governed by Chapter 14, and dismiss as frivolous a claim making factual allegations that are clearly baseless, irrational, delusional, or fanciful. That determination may not require a hearing in every case, as the statute recognizes.

In this case, the trial court was presented with the file of the grievance claim process, including an inventory of property signed by the inmate and statements made by the inmate concerning his claim. The judge could compare the factual allegations in Presiado's pleadings with those documents. The file reflects that on a routine search of Presiado's cell, contraband items were found. Confiscated items that were not contraband were subsequently returned to the inmate, and he signed an inventory. The work sheet prepared following an investigation of his complaint states that several items were confiscated because of "altered property or questionable ownership." The document states, "Your property was inventoried on 6/3/05 and you signed the Prop–05 indicating the inventory was correct. There is no evidence to support your claims." From this information, the trial court could reasonably decide whether the claim was against the defendants in their official capacity, and could conclude the allegations were frivolous. I see nothing arbitrary or unreasonable in the trial judge's decision.