In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-392 CV


____________________



CHRISTOPHER JONES, Appellant



V.



NATHANIEL QUARTERMAN, et al., Appellees






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 20,513






MEMORANDUM OPINION


 Christopher Jones, an inmate in the Correctional Institutions Division of the Texas
Department of Criminal Justice, sued the State of Texas, Department Director Nathaniel
Quarterman, and three Department employees assigned to the Gib Lewis Unit where Jones
is housed: Chief of Classification K. Williams, Assistant Warden Curry, and Assistant
Warden Roesler. Jones asserted claims under the Texas Tort Claims Act and § 1983 of Title
42 of the United States Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109
(Vernon 2005 & Supp. 2007); 42 U.S.C.A. § 1983 (West 2007). In addition to actual and
exemplary damages, Jones requested a declaratory judgment and issuance of an "emergency
preliminary injunction ordering the defendant's [sic] to immediately promulgate proper
procedures to ensure the safe placement of the plaintiff." The trial court dismissed the suit
prior to service. 

 Jones alleged that he had a life endangerment classification at his previous unit and
that he was transferred to the Gib Lewis Unit for safety reasons. Jones alleged that no
mention of his life endangerment status was made during his classification hearing. 
According to the allegations contained in Jones's petition, Curry noted the computer
recommended a "G4" classification and Williams, the chief of the classification committee,
commented that he did not like the way Jones looked and that Jones would be a "G5." 
According to Jones, Roesler responded to Jones's grievance but failed to take corrective
action, and Curry responded to another grievance but failed to take corrective action to
ensure safe placement. Jones alleged his classification was based upon the disciplinary
classification he had at the Robertson Unit and that he should have been provided with a
separate classification hearing addressing the life endangerment situation that led to his
transfer. Jones alleged he was not provided the same treatment that a "homosexual, a young
white male or a feminine-appearing prisoner" would have received. Because Jones feared
he would be attacked, Jones could not enjoy his right to go outside for recreation because he
feared another prisoner might recognize him from the Robertson Unit and attack him. 

 Jones alleged that systemic deficiencies in the life endangerment classification system
violated the constitutional rights of inmates. Jones alleged Williams and Curry released
Jones into a high security general population without a proper life endangerment
classification; that Williams, Curry and Roesler failed to investigate the risk of violence and
properly review files; that Williams, Curry and Roesler failed to afford Jones a life
endangerment classification hearing; that Quarterman's use of a vague classification policy
allowed Department employees to depart from normal classification methods; that
Quarterman, Williams, Curry and Roesler failed in their statutory duty to protect Jones from
risk to his mental and physical health; and that the individual defendants negligently caused
Jones emotional distress. Jones did not allege that he was physically assaulted while housed
at the Gib Lewis Unit. His petition requested damages for the defendants' deliberate
indifference to Jones's constitutional rights and for Jones's emotional injuries. 

 In two issues, Jones contends (1) the trial court erred in dismissing his suit with
prejudice and (2) a legal disability relieved him of the requirements of Chapter 14 of the
Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§
14.001-.014 (Vernon 2002). We address these issues in reverse order. 

 The clerk's record does not contain the trust account statement, the written copies of
the grievance decisions, or the affidavit of previous filing required for litigation filed by
inmates. See id. §§ 14.004(a), (c), 14.005(a), 14.006(f). Jones argues he was denied access
to the law library and the denial of access created a legal disability under section 16.001 if
the Civil Practice and Remedies Code. See id. § 16.001 (Vernon 2002) (excluding the time
spent under a disability from the time included in a limitations period for persons younger
than 18 years of age or of unsound mind when a cause of action accrues). Jones argues that
the cover letter to his petition explained that he could not wait for the grievance decision
because his life was in imminent danger and that the conditions of his confinement affected
his ability to comply with the statutory requirements. No provision in section 16.001 excuses
compliance with any of the prerequisites for suits filed by an inmate who files an unsworn
declaration of inability to pay costs. We review the trial court's decision to dismiss the case
on an abuse of discretion standard. Presiado v. Sheffield, 230 S.W.3d 272, 274 (Tex. App.--Beaumont 2007, no pet.). 

 The cover letter Jones enclosed with his original petition stated "I have exhausted
state remedy but cannot afford to await their response due to the imminent immediate danger
that I am in." Because Jones failed to state the date the grievance was filed and the date the
written decision was received, as required by section 14.005(a)(1), the trial court could not
determine whether section 14.005(b) or 14.005(c) applied. See id. § 14.005. A post-dismissal filing by Jones included an administrative notice of extension on a Step II
grievance while the Department investigated the claim. The number on the grievance
matches one of the grievance numbers in Jones's petition. Thus, from the post-dismissal
filings it appears an abatement under section 14.005(c) might have been appropriate. 
Without a disclosure of the date the grievance was filed, however, the trial court could not
determine whether 180 days had elapsed since Jones filed his grievance. See Tex. Gov't
Code Ann. § 501.008(d) (Vernon 2004)("An inmate may not file a claim in state court
regarding operative facts for which the grievance system provides the exclusive
administrative remedy until: (1) the inmate receives a written decision issued by the highest
authority provided for in the grievance system; or (2) if the inmate has not received a written
decision described by Subdivision (1), the 180th day after the date the grievance is filed."). 
 Section 14.005(c) permits a 180 day abatement for claims filed before the grievance
procedure is complete. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(c). Jones did not
file a motion to abate, however, and it does not appear that any pleadings or motions before
the court at the time the suit was dismissed would have informed the trial court that the
grievance process was ongoing. An abuse of discretion is not shown in this record. 

 The cover letter to Jones's original petition claimed Jones could not obtain a trust
account statement unless he had a cause number for his suit. However, Jones did not supply
the trust account statement in any of his subsequent filings after he obtained the cause
number for his suit. The cover letter for the amended petition did not mention the trust
account statement. An affidavit of inability to pay costs filed after the trial court dismissed
the case stated that Jones could not obtain a trust account statement "without a[n] order from
this court" and asked the trial court to order the records office to produce a statement
showing the balance of his account A trial court may request a trust account statement from
the Department. See id. § 14.006(f). We note, however, that the trial court had previously
entered an order for costs and sent a copy of the order to the inmate trust account office. See
id. § 14.006. The trust account office had an order from the trial court with the cause number
on the order; therefore, it would not have been evident to the trial court that Jones required
additional documentation to obtain a trust account statement.

 Jones failed to file a declaration of previous filings with either his original or his
amended petition. He did submit a declaration of previous filings in a post-dismissal filing.
Because no declaration was on file when the trial court dismissed the suit, no abuse of
discretion is shown from the decision to dismiss on this ground. See Hickman v. Adams, 35
S.W.3d 120, 125 (Tex. App.--Houston [14th Dist.] 2000, no pet.). Assuming the post-dismissal filing cured that particular defect, the trial court did not err in failing to reconsider
its dismissal in light of Jones's failure to cure the other deficiencies. 

 The trial court also dismissed the case because Jones failed to state a claim with an
arguable basis in law. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003. All of Jones's
allegations concern the application of the inmate classification system upon his transfer to
a new unit and the denial of a separate life endangerment hearing. Jones did not allege the
operation or use of motor-driven equipment or tangible personal property. Accordingly,
Jones failed to state a claim under the Texas Tort Claims Act. See id. § 101.021. Jones did
not allege an actual physical injury. Accordingly, Jones failed to state a claim for which
damages could be recovered under § 1983. See Herman v. Holiday, 238 F.3d 660, 665 (5th
Cir. 2001). 

 We note, however, that Jones included a cursory request for declaratory relief and
requested a temporary injunction. A prisoner need not allege an actual physical injury to
assert a claim for injunctive and declaratory relief. Id. Jones's entitlement to a temporary
injunction would depend upon his ability to establish a probable right of recovery. See
Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex.1993)(An applicant for a temporary injunction
must establish a probable right to the relief sought on final trial and a probable injury in the
interim.) The trial court does not err in dismissing a suit in which temporary injunctive relief
is sought if the plaintiff failed to state a claim for which he could recover at trial on the
merits. See Aguilar v. Chastain, 923 S.W.2d 740, 745 (Tex. App.--Tyler 1996, writ denied). 
The viability of Jones's request for temporary injunctive relief thus depends upon the
cognizability of his claim for declaratory relief. Jones's sixteen-page amended petition
simply asks the court to "issue declaratory judgment" without identifying the subject matter
of the declaration. This summary statement in his pleading does not invoke the Texas
Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011
(Vernon 1997 & Supp. 2007). Because Jones did not plead a cause of action with an
arguable basis in law, the trial court did not err in dismissing the suit. (1) 

 Although we hold the trial court did not err in dismissing the suit, none of the grounds
for dismissal concerned the merits of Jones's claims. "A dismissal for failure to comply with
the rules governing the filing of in forma pauperis suits is not a ruling on the merits; 
accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided
with an opportunity to amend his pleadings." Hughes v. Massey, 65 S.W.3d 743, 746 (Tex.
App.--Beaumont 2001, no pet.). We sustain issue one and overrule issue two. We reform
the judgment to provide the cause is dismissed without prejudice. As reformed, the judgment
is affirmed.

 AFFIRMED AS REFORMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 15, 2007 

Opinion Delivered May 1, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.
1. We do not decide in this opinion whether Jones could petition the trial court for a
declaratory judgment regarding his right to a separate classification hearing on a life
endangerment issue. His pleading is simply too vague on this point for us to determine what
declaratory relief he was seeking.