# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00008-CV

**Martin T. Franco, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-08-002053, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Martin T. Franco, Jr., an inmate in state prison, filed suit against the State of Texas alleging that the State violated his constitutional rights by placing him in administrative segregation. The State filed a motion to dismiss the complaint for failure to comply with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.001 et seq. (West 2002). The district court granted the State's motion and dismissed the case as frivolous. Franco appeals from the district court's order.

Franco's contentions—asserted in a two-page "Appeal Brief"—are not entirely clear.[1] However, Franco lists three reasons why he believes the district court's "conclusion in this cause was wrong": (1) the district clerk's office refused to file his "motion for extension of time to file a petition of discovery"; (2) his claims "are not frivolous but serious issues"; and (3) he exhausted

---

[1] The State declined to file a brief in response unless we requested one.

his administrative remedies by filing a grievance with the senior warden of his prison and the assistant regional director of TDCJ-Correctional Institutions Division. We will liberally construe these arguments to be points of error on appeal. *See* Tex. R. App. P. 38.9.

Franco's second point of error, fairly construed, is a challenge to the district court's dismissal of Franco's complaint as frivolous. We review a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. *Presiado v. Sheffield*, 230 S.W.3d 272, 274 (Tex. App.—Beaumont 2007, no pet.). A trial court has broad discretion to dismiss an inmate's suit as frivolous "because: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Because the district court did not state the basis on which it dismissed Franco's suit, we will affirm on any basis supported by the record. *See Sellers v. Foster*, 199 S.W.3d 385, 391 (Tex. App.—Fort Worth 2006, no pet.).

In determining whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (West 2002).

In this case, the district court would not have abused its discretion in determining that Franco's claim has no arguable basis in law or fact. Among other things, "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (labeling such claim "frivolous"); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (finding that inmate's claim under 42 U.S.C. § 1983 had no arguable basis in law because "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest"). In his petition, Franco alleged no such extraordinary circumstances. We overrule Franco's second point of error.

In his third point of error, Franco contends that he exhausted his administrative remedies by filing a grievance with prison officials. Franco appears to be referencing the requirement in chapter 14 that prisoners cannot file a claim in court that is subject to their prison's grievance system without first exhausting those administrative remedies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (West 2002). Franco has not complied with section 14.005's requirements for demonstrating such exhaustion. *See id*. § 14.005(a). In any event, because we have concluded that the district court would not have abused its discretion in dismissing Franco's complaint as frivolous, the judgment can stand on that ground alone. We overrule Franco's third point of error.

Finally, regarding his first point of error, Franco presents no argument or authority as to why his alleged "motion for extension of time to file a petition of discovery"—which is not in the record before us—would warrant reversal of the district court's judgment. It was Franco's

3

burden to do so. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). We conclude that this point presents nothing for review. We overrule Franco's first point of error.

We affirm the order of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   July 24, 2009

4