Opinion issued February 4, 2010 



 














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-09-00175-CV
__________
 
IN RE TIMOTHY PAUL MARTIN, Appellant
 
 

 
 
On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 50736
 

 
 
MEMORANDUM OPINION
          Appellant, Timothy Paul Martin, who is incarcerated and represents himself pro
se, contends that the trial court abused its discretion in determining that his lawsuit
is frivolous and dismissing his lawsuit with prejudice without holding an evidentiary
hearing. 
          We affirm. 
Background
          In his petition,


 Martin alleges that between 2000 and 2009, he had
corresponded with defendants Holloway House Publishing, Editor Leonard King,
Associate Editor Mitchel Neal, Time Warner, Random House, Harper Collins,
Penguin Group USA, Inc., and Liza Dawson Associates, Literary Agent Partnership
Group (collectively, the defendants),


 about his interest in collaborating with the
defendants “regarding the consignment, publication, promotion and distribution” of
numerous “original works of literature” that he authored. Martin complains that the
defendants had “neglected to review [his] works or collaborate with due diligence or
in good faith.” 
          Martin further alleges that he had produced multiple “manuscripts” that he
considered to be “priceless and worth millions of dollars.” These manuscripts
included, among others, a true story about himself entitled “In Search of Paradise,”
a story about an attorney who saved his secretary from being sacrificed entitled “The
Madeanna Dagger,” a science fiction work involving a mission to a second universe
“to bring seven new suns and moons out of eclipse in order to save the original
universe” entitled “Eclipse,” a fairy tale about famous traditional holidays entitled
“The Holiday Collection,” and a “porno” story. Martin states that the defendants had
taken advantage of the “unequal power they had accumulated” in the publishing
business, violated a special and confidential relationship between him and them,
failed to return certain manuscripts to him, and destroyed some of the manuscripts. 
Martin also asserts that the defendants had misled him in violation of the Texas
Deceptive Trade Practices Act (“DTPA”).


 Finally, Martin asserted that defendants
had discriminated against him and had violated his due process and equal protection
rights under the United States Constitution.


 
          Martin states in his petition that he had previously pursued “various other
lawsuits” against all of the named defendants, other than Holloway House. Martin
also filed, in conjunction with his petition, a motion for permission to file this lawsuit. 
In this motion, Martin stated that “the facts of the present claims were not a part of
any prior judgment because the present facts arose after any prior court judgment,”
but he further stated that prior court judgments proximately caused his present claims. 
Martin also filed an affidavit related to lawsuits he had previously filed.



          After reviewing the pleadings, the trial court determined that Martin’s lawsuit
is frivolous and that Martin had failed to state a cause of action as a matter of law.
Thus, it dismissed Martin’s lawsuit with prejudice.          
Dismissal
          In his sole issue, Martin argues that trial court abused its discretion in
dismissing his lawsuit with prejudice without holding an evidentiary hearing because
he was denied the opportunity to present letters to the trial court establishing that he
and the defendants had engaged in correspondence regarding his manuscripts.
          Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate
litigation. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014. (Vernon 2002). 
Under Chapter 14, a trial court may dismiss an inmate suit brought in forma pauperis,
either before or after service of process, by finding that it is frivolous or malicious.
Id. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the trial
court may consider whether: (1) the claim’s realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party
cannot prove facts in support of the claim; or (4) the claim is substantially similar to
a previous claim filed by the inmate because the claim arises from the same operative
facts. Id. § 14.003(b)(1)–(4). In finding that a claim is frivolous or malicious, the
court “may” hold a hearing “before or after service of process” and “it may be held
on motion of the court, a party, or the clerk of the court.” Id. § 14.003(c).
          We generally review a trial court’s dismissal of an inmate’s suit under Chapter
14 for abuse of discretion.


 See Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex.
App.—Waco 2008, no pet.); Thompson v. Tex. Dep’t of Crim. Justice–Inst. Div., 33
S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). When a
lawsuit is dismissed as frivolous for having no basis in law or in fact, and no fact
hearing was held, our review focuses on whether the inmate’s lawsuit has an arguable
basis in law, which we review de novo. Scott v. Gallagher, 209 S.W.3d 262, 266
(Tex. App.—Houston [1st Dist.] 2006, no pet.). A claim has no arguable basis in law
if it is based on an indisputably meritless legal theory. Id. In conducting our de novo
review, we take as true the allegations of the inmate’s petition. Id. 
          Martin has not cited any authority or offered any explanation that would allow
him to proceed on a claim for the violation of the DTPA as a result of his engaging
in correspondence with and mailing of manuscripts to the defendants. We note that
consumer status is an essential element of a DTPA claim. Rivera v. S. Green Ltd.
P’ship, 208 S.W.3d 12, 21 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)
(citing Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995)). 
A consumer is an individual who seeks or acquires goods or services by purchase or
lease. Id.; Tex. Bus. & Com. Code Ann. § 17.45(4) (Vernon Supp. 2009)
(“‘Consumer’ means an individual, partnership, corporation, this state, or a
subdivision or agency of this state who seeks or acquires by purchase or lease, any
goods or services, except that the term does not include a business consumer that has
assets of $25 million or more, or that is owned or controlled by a corporation or entity
with assets of $25 million or more.”). Whether a plaintiff is a consumer under the
DTPA is a question of law for the court to decide. Rivera, 208 S.W.3d at 21. 
Martin’s petition reveals that he does not claim to qualify as a consumer of a good or
service from the defendants. Similarly, Martin has made no allegation supportive of
a due process or equal protection claim. In sum, based upon the claims asserted in
his petition, the trial court could have concluded that Martin’s lawsuit lacked any
merit and was frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003. Finally,
in regard to his complaint about the lack of a hearing, the statute expressly provides
that a trial court “may,” in its discretion, conduct a hearing to determine whether an
inmate’s suit is frivolous. Id. § 14.003(c); Presiado v. Sheffield, 230 S.W.3d 272,
274–75 (Tex. App.—Beaumont 2007, no pet.) (“The statute states that the trial court
“may” hold a hearing, but it does not require the trial court to do so before dismissing
a claim.”).  
          Accordingly, we hold that the trial court did not abuse its discretion in not
holding an evidentiary hearing and did not err in dismissing Martin’s lawsuit under
Chapter 14 as frivolous. 
          We overrule Martin’s sole issue.
          Conclusion
          We affirm the order of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Bland.