In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00246-CV
_____

**CHARLES RAY MASON, Appellant**

**V.**

**ARTHUR J. WOOD, GARY E. HUNTER, BRENDA D. SPITALERI, PATRICIA A. STROBL AND MARCIAL J. FOISIE JR., Appellees**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV24101**

**MEMORANDUM OPINION**

Charles Ray Mason appeals orders granting a motion for partial summary judgment and a motion to dismiss filed by Cynthia Wood in her capacity as administrator of the Estate of Arthur J. Wood, and by Gary Hunter, Brenda Spitaleri, Patricia Strobl, and Marcial Foisie, Jr. The appellees are correctional officers and Mason is an inmate who claims the correctional officers committed

various torts in the course of confiscating property Mason had in his cell. We affirm the trial court's judgment.

Correctional officers conducting an annual check of Mason's cell in 2007 decided that Mason had excess property or contraband in his possession. Certain property was confiscated and Mason signed a confiscation form that requested that "TDCJ make appropriate disposition of this property." Mason filed a grievance, which was resolved by an administrative determination that Mason had requested to have the property disposed of and that he failed to show that the correctional officers were responsible for items that Mason alleged were lost. Before the thirty-first day after receiving notice of the denial of his grievance, Mason filed a lawsuit against the individual officers for confiscating and immediately destroying Mason's property without conducting a hearing. Mason asserted statutory claims under the Tort Claims Act, the Deceptive Trade Practices Act, and the Theft Liability Act, a civil rights claim, and a common law claim for fraud.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2011 & Supp. 2012); §§ 134.001-.005 (West 2011); Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 2011 & Supp. 2012); 42 U.S.C. § 1983 (2003). The trial court dismissed the suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.010 (West 2002). On appeal, we held that

---

[1] The trial court dismissed the Deceptive Trade Practices Act claim in 2010. Mason does not challenge that order in this appeal.

2

the trial court erred in dismissing the suit with prejudice, and remanded the case to the trial court. *Mason v. Wood*, 282 S.W.3d 189, 194 (Tex. App.—Beaumont 2009, no pet.). After remand, the trial court granted appellees' summary judgment on Mason's constitutional due process claim and Tort Claims Act claim, and dismissed the Theft Liability Act claim and common law fraud claim under the election of remedies provision of the Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106.

In issue one, Mason contends his state law tort claims against the appellees are not barred by operation of the election of remedies provision of the Tort Claims Act because he raised a fact issue that the appellees acted outside the scope of their employment. He invokes the *ultra vires* rule, which holds that "while governmental immunity generally bars suits for retrospective monetary relief, it does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368-69 (Tex. 2009). Because Mason seeks retrospective damages for property that was destroyed without giving him a hearing, he cannot litigate this action as an *ultra vires* suit. *Id.* at 376.

Mason also argues that his claim could not have been brought against the governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Mason

contends a fact issue exists regarding whether the officers intentionally confiscated his property because he is a "[w]rit [w]riter," which he argues is intentional conduct for which immunity is waived under section 101.057 of the Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057. He misreads section 101.057, which provides that the Tort Claims Act does not apply to conduct arising out of an intentional tort. *See id.*; *see also Presiado v. Sheffield*, 230 S.W.3d 272, 275 (Tex. App.—Beaumont 2007, no pet.) ("The Texas Tort Claims Act does not waive sovereign immunity for intentional acts.").

Mason argues this Court's decision in *Presiado* means he may pursue a state law claim for intentional torts against the officers in their individual capacities. *See Presiado*, 230 S.W.3d at 275. *Presiado* does not address the application of section 101.106(f) of the Civil Practice and Remedies Code. *Id.* The Tort Claims Act provides an election of remedies, as follows:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).

4

The Tort Claims Act defines "'[s]cope of employment'" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5). Officials act within the scope of employment if their acts fall within the duties generally assigned to them. *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 791 (Tex. App.—Dallas 2012, pet. denied). Mason concedes that the inspection of his personal property in the course of a unit shakedown is a function within the scope of the officers' duties, but he argues that sovereign immunity does not apply because he sued the officers in their individual capacities.

A government employee is entitled to dismissal if the suit could have been brought against the governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). The phrase "under this chapter" includes suits for which immunity is not waived. *Franka v. Velasquez*, 332 S.W.3d 367, 379 (Tex. 2011). "Properly construed, section 101.106(f)'s two conditions are met in almost every negligence suit against a government employee: he acted within the general scope of his employment, and suit could have been brought under the Act—that is, his claim is in tort and not under another statute that independently waives immunity." *Id.* at 381. The phrase "could have been brought" applies without regard to whether the

5

Tort Claims Act waives immunity from suit. *Id.* at 385. Mason also argues the officers failed to establish they were performing discretionary functions, but they are not required to do so for section 101.106(f) to apply to Mason's state law tort claims. *Id.* at 384-85 (holding amendment to section 101.106(f) had the same effect as the Westfall Act in making "whatever remedy the [Federal Tort Claims Act] provided against the United States a claimant's exclusive remedy for a government employee's conduct in the scope of employment").

In this case, Mason alleged the officers committed theft and fraud when they confiscated his property. By his own admission, the "shakedown" was a function within the officers' duties as State employees. A plaintiff cannot, through artful pleading, make a common law tort claim a statutory claim under the Theft Liability Act. Their conduct was, as Mason admits, subject to the prison grievance system.[2] The commentary from the Restatement of Agency states:

> If an employee commits a tort while performing work assigned by the employer or while acting within a course of conduct subject to the employer's control, the employee's conduct is within the scope of employment unless the employee was engaged in an independent course of conduct not intended to further any purpose of the employer.

---

[2] *See* Tex. Dep't of Crim. Justice, Offender Orientation Handbook 53 (2004), available at http://www.tdcj.state.tx.us/documents/Offender_Orientation_ Handbook_English.pdf

RESTATEMENT (THIRD) OF AGENCY § 7.07 cmt. b (2006). Accordingly, Mason's tort claims "could have been brought under this chapter against the governmental unit[.]" Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); *Franka*, 332 S.W.3d at 379. We overrule issue one.

In his second issue, Mason contends the trial court erred in dismissing his suit against the officers in their individual capacities because the doctrine of sovereign immunity applies only to governmental units. Section 101.106 describes the circumstances under which a suit against an individual government employee must be dismissed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106. Mason argues that intentional torts fall outside the scope of employment and as a result, he may sue the appellees in their individual capacities. Intentional torts may be within the scope of employment if "the course of conduct in which the tort occurred is within the scope of employment." RESTATEMENT (THIRD) OF AGENCY § 7.07 cmt. c (2006). The current version of section 101.106 protects employees in their individual capacities. *See Franka*, 332 S.W.3d at 381 ("This construction of section 101.106(f) does, however, foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment."). We overrule issue two.

In his third issue, Mason contends a genuine issue of material fact exists as to his civil rights, theft, and fraud claims. The trial court granted summary judgment on Mason's section 1983 claim because the grievance procedure provides an adequate post-deprivation remedy. *See* 42 U.S.C. § 1983. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). State law provides an administrative remedy to pay inmates' claims for property lost or damaged by the Department of Criminal Justice. *See* Tex. Gov't Code Ann. §§ 501.007-.008 (West 2012) (addressing compensation process for inmate claims of lost or damaged property and establishing an inmate grievance system). "Because they have an adequate post-deprivation remedy, inmates in Texas have no arguable basis in law for asserting a section 1983 due process claim for the intentional destruction of their property by a prison official." *Hamilton v. Pechacek*, 319 S.W.3d 801, 814 (Tex. App.—Fort Worth 2010, no pet.).

Mason argues the resolution of Administrative Grievance No. 2007199057 and Administrative Directive 03.72 raise fact issues on his state tort claims.[3] Neither document appears in the summary judgment record. Summary judgment proof must be attached to the summary judgment motion or response. *MBank Brenham, N.A. v. Barrera*, 721 S.W.2d 840, 842 (Tex. 1986); *Bell v. AIC-Sunbelt Grp., Inc.*, No. 03-06-00399-CV, 2008 WL 1765259, at *2 (Tex. App.—Austin Apr. 17, 2008, pet. denied) (mem.op.). Mason cannot rely on documents that were not provided to the trial court to show on appeal that he raised a genuine issue of material fact to defeat the motion for summary judgment. We overrule issue three and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 26, 2012
Opinion Delivered March 14, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[3] This grievance number is not the same as the grievance on which the suit is based.