Russell Ham  #1104449
Allan B. Polunsky Unit
3872 FM 350 South
Livingston,Tx 77351

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 0 6 2015

CHRISTOPHER A. PRINE

CLERK _____

August 3, 2015

Clerk of the Court
First Court of Appeals
301 Fannin
Houston, Tx 77002
Re:Russell Ham v. William Stephens, ET.AL.,

Dear Clerk:
Enclosed please find (1) original copy of Appellant Russell
Ham's Reply Brief. Please bring this motion to the Court's
Attention. Also enclosed is Appellant's copy of Appellant Russell
Ham's Reply Brief. Please date stamp Appellant's copy and return
tohim in the S.A.S.E., Thank you.

A true and correct copy has been mailed to the Appellee.

Respectfully submitted,

Russell Ham, Pro se

No. 01-15-00036-CV

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 0 6 2015

CHRISTOPHER A. PRINE

CLERK _____

IN THE

FIRST COURT OF APPEALS

AT HOUSTON

---

Russell Ham
Appellent

v.

William Stephens, ET.AL
Appellee.

---

Appealed from the 411th court of
Polk county, Texas

**APPELLANT RUSSELL HAM'S APPELLATE REPLY BRIEF**

Russell Ham
T.D.C.J.-ID#1104449
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

**ORAL ARGUMENT WAIVED**

# TABLE OF CONTENTS

Table of contents                                                    1

Index of Authorities                                                 2

Statement onOral Argument                                            3

Issues Presented                                                     4

ISSUE ONE: Was Appellee Sullivan Acting under the scope of
employment when she destroyed Appellant Ham's photo album,
grandmother's will, and legal papers.                            8-10

ISSUE TWO: Should the trial court have dismissed Appellant
Ham's suit against Appellee Sullivan without allowing
Appellant thity days to cure defects pursuant to Texas
Civil Practice & Remedies Code §101.106(f).                    10-11

Statement of Facts                                               5-6

Summary of Argument                                                7

Argument                                                        8-11

Prayer                                                             12

Certificate of Service                                            13

Appendix                                                          14

## INDEX OF AUTHORITIES

### CASES

City of Lancaster v. Chambers, 883 S.W.2d 650,658(Tex.1994),9

Frank v. Velasquez,332 S.W.3d 367,369(Tex.2011)          8

Presiado v. Sheffield,230 S.W.3d 272,275(Tex.App.-

Beaumont 2007)                                          10

Reece v. Johnson,2013 Tex.App.Lexis 10621             9-10

### CONSTITUTION

United States Constitution, 14th Amendment             11

### STATUTES

Texas Civil Practice &Remedies CODE § 101.001(5)       16

Texas Civil Practice & Remedies Code§101.106(f)        15

Texas Penal Code§31.01(2)(A)                           10

Texas Penal Code §31.03 (a)                            10

### OTHER

RRestatement (Third) of Agency §7.07                   17

2

## Statement On Oral Argument

The Court should not grant Oral Argument for the following reasons:

(a) Appellant Ham believes that Oral Argument will not aid this Honorable Court's determination of this Appeal.

## ISSUE 1

WasAppellee Sullivan acting under thr scope of employment when she destroyed Appellant Ham's photo album,grandmother's will,and legal papers.

## ISSUE 2

Should the trial court have dismissed appellant Ham's suit against appellee Sullivan without allowing appellant thirty days to cure defects pursuant to Texas Civil Practice and Remedies Code § 101.106(f).

## STATEMENT OF FACTS

On April 13,2014, at the Allen B. Polunsky Unit, Livingston, Texas was on it's bi-yearly lock-down. Russell Ham, plaintiff brought his personal, legal and spiritual property to the 19 Building Dorm gym to be searched.(Pl'sPet.pg. 2) RussellHam's property was searched by Officer Robin Sullivan. Officer Sullivan immediately began to threaten tothrow away his property, if he did'nt hurry up and bring his property. Russell Ham replied "if you do decide to do so, I want confiscation papers".(Pl's et, pg.2). Also , he told Officer Sullivan that°if you refuse or fail to issue me confiscation ppapers, I will file a grievance on you".(PL's Pet,pg.2) Officer Sullivan then replied"that if you write a grievance I will write you a discipplinary infraction.(PL'sPet.pg.2).However, Officer Sullivan unlawfully and maliciousily confiscated his Holy Bible,(3) three Dungeons and Dragon books, an wellas 26 other books belonging to Russell Ham.(PL'sPet. pg.2)Officer Robin Sullivan also confiscated Russell Ham's photo album containg his grandmother's will and various legal papers' and placed it into the trashcan.(Pl'sPet. pg2-3)Officer Robin Failed or refused to issue confiscation papers for the property she confiscated from Russell Ham.

Russell Ham timely filed his Step 1 Grievance asserting various claims retaliation and Texas Theft Liability claims, among other claims. OnMay 5,2014, the decisionmaker Assistant Warden Donald Muniz held Substantiate your allegations.you could only prove legitimate ownership of (4) four of the books.contact Officer

5

Fox in the property room for these items to be returned. No policy violations noted. No further action warranted.

Russell Ham,dissatified with the response of the Step 1 Decisionmaker, submitted his Step 2 Grievance, showing how and what the unit level failed to consider in their investigation.No May15,2014,the response from Matt Gross,Regional Director held that the grievance has been investigated by their ofice.your allegations of misconduct could not be sustained.No further investigations is warranted by this office.

Russell Ham timely filed his Appeal on March 6,2015

## SUMMARY OF THE ARGUMENT

A Appellant's first argument is that Appellee Sullivan vonfiscated some of Appellant's books and turned them into the Polunsky property officer without writing Appellant any confiscation papers. Appelleealso destroyed Appellant's photo album, grandmother's will and various legal papers.

Appellant's second argument is that the District Court abused it's discretion when it dismissed Appellant's lawsuit againt Appellee without allowing him the opportunity to cure the defects under Texas Civil Practice & remedies Code §101.106(f). Appellant was denied Due Process oflaw as guaranteed under the 14th Amendment to the Uniter States constituton.

ARGUMENT

ISSUE ONE:

Was Appellee Sullivan Acting under the scope of employment whe nshe destroyed Appewhen she destroyed Appellant Ham's photo album, grandmother's will and legal papers.

In Franka v. Velasquez,332 S.W.3d 367(Tex.2011,the Texas Supreme Court set out a 3 prong test to determine whether a suit against a government employee is considered a suit against the employee in her official capacity. Id. at 369.

(1) whether the defendant is an employee of a governmental unit:

(2) whether the defendant is acting within the general scope of her employment;and

(3) whether suit could have been brought under the tort claims act against the agency. Id. at 369.

Appellant admits that Appellee Sullivan is a T.D.C.J. employee. This admission meets Frank's first prong. the second prong of Frank, whether the Appellee was acting within the general scope ofher employment is where Appellant and Appellee differ.

Appellee claims she was in her scope of employment when she confiscated Appellant's books and failed to give him confiscation papers when she turned the books into the Polunsky property room. Appellee claims she was in the scope ofemployment when she destroyed Appellant's photo album,grandmother's will, and various legal papers by throwing theminthe trash can. Appellee never turned the pholo album, nor Appellant's grandmother's will, nor the various legal papers of Appellant's into the Polunsky property room she destroyed them instead.

8

"An official acts within the scope of authority if she is dischaging the duties generally assigned to her." city of Lancaster v. Chambers, 883 S.W.2d 650,658(Tex.1994).

Appellee's destruction of Appellant's property during the semi-annual shakedown is not included in the scope of her employment. upon information and belief the T.D.C.J. has a policy of turning into the property room all personal property that is taken from inmate's during shakedown.

The Texas Tort Claims Act defines the "scope of employment" as"the performance for a government unit of the duties of an employee's office or employment and include being in and about the performance of a tasklawfully assigned to an employee by competent authority." Texas Civil Practice &Remedies Code § 101.001(5). an employee's Act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve and purpose of the employer, Restatement (third) of agency §7.07(2). see appendix C.

In Reece v. Johnson, 2013 Tex.App.Lexis 10621, inmate William Reece sued TDCJ correctional officers alleging a claim under the Texas Theft Liability Act pertaining to the alleged destruction and taking of Reece's personal property. This case is identical to Ham's present case against Sullivan.

Sullivan's search of Ham's property was within the yeneral scope of employment and was a lawfully assigned task, see Reece v. Johnson,supra. Sullivan's acts of destroying Ham's property

9

without turning them into the Polunsky Unit property room are acts occurring "within an independent course of conduct not in tended by the employee to serve any purpose of the employer." Restatement(third) of agency §7.07(2).see also Reece v. Johnson, supra.Ham's allegations that Sullivan destroyed his property, name the photo album, grandmother's will,and varioun's legal papers is an arguable claim that Sullivan committed theft and is liable under the Texas Theft Liability Act in her indivdual capacity. see Tex. Penal Code 31.01(2)(a).,31.03(a); Reece v. Johnson, supra. see also Presiado v. Sheffield. 230 S.W.3d 272, 275(Tex.App.-Beaumont 2007)(inmate's TLA CLAIM AGAINST PRISON EMPLOYEE"S IN THEIR INDIVIDUAL CAPACITIES FOR DESTROYING HIS PERSONAL PROPERTY HAD ARYUABLE BASIS IN LAW.).

ISSUE TWO:

The question before this Court is "should the trial court have dismissed Appellant Ham's suit against Appellee Sullivan without allowing Appellant thirty days to cure defects pursuant to Texas Civil Practice &Remedies Code §101.106(f)."

The answer is no of course not. The due process clause of the 14th Amendment to the United States Constitution guarantees due process of Law. A chance to be heard. A reading of Tex. Civ. Prac.&Rem. Code §101.106(f) shows the legisature fully intended to give a plaintiff the oportunity to amend his pleadings dismissing the employee and naming the governmental unit as the defendant on orbefore the 30th day after the date the motion is filed. see Appendix A.

10

Appellee destroyed some of Appellant's property and confiscated some of Appellant's property. when Appellee filed a motion to dismiss the case without giving Appellant a chance to dismiss Appellee and name the governmental unit as defendant according to the Tex.Civ.Practice &rem.Code §101.106(f) statute.the trial court abused it's Authority without giving Appellant a chance to remedy the situation. Astate shall not deprive a person of property without due process of law.Id.,14th Amend. to the U.S. Constitution.

## PRAYER

For these reasons Appellant Ham asks this Honorable Court to reverse and remand this case back to the trial court so that Appellant can take this case to a jury trial onthe merits of whether Appellee Robin Sullivan was acting under the scope of employment.

## CERTIFICATE OF SERVICE

I,Russell Ham, TDCJ Id#1104449, Pro se certify that a true and correct copy of Appellant Russell Ham's Appellant Reply Brief has been placed in the Allan B. Polunsky Unit's mailbox on August 3, 2015, postage prepaid, first class mail addressed to the Clerk of the Court, First Court of Appeals,301 Fannin, Houston, Texas 77002. A true and correct copy has been mailed to the following:

Briana Webb

Assistant Attorney General
P.O.Box 12548, Capital Station
Austin, Texas 78711

Russell Ham,Pro se
T.D.C.J.-ID# 1104449
Polunsky Unit
3872 FM 350 South
Livingston,Texas 77351

APPENDIX

A-Texas Civil Practice &Remedies Code §101.106(f)

B-Texas Civil Practice &Remedies Code §101.106(5)

C-Restatement (Third) of Agency, §7.07 Employee Acting within Scope of Employment

Texas Civil Practice & Remdies Code §101.106(f)

(f) f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Texas Civil Practice & Remedies Code §101.001(5)

"SCOPE OF EMPLOYMENT" means the performance for a governmetal unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority.

Restatement (Third) of Agency

§ 7.07Employee Acting Within Scope of Employment

(1)An employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment.

(2) An employee acts within the scope of employment when performing work assigned by the employer or engaged in a course of conduct subject to the employer's controll. An employee's act is not within the scope of employment when it occurs within and independent course of conduct not intended by the employee to serveany purpose of the employer.

(3) For purposes of this section,

(a) an employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work, and

(b) the fact that work is performed gratuitously does not relieve a principle of liability.